## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| ANNE MITCHELL, and<br>VICKILYN GALLE<br><br>    Plaintiffs,<br>vs.<br><br>WINKLER COUNTY AND<br>THE WINKER COUNTY MEMORIAL<br>HOSPITAL, STAN WILEY,<br>INDIVIDUALLY, AND IN HIS<br>OFFICIAL CAPACITY AS<br>ADMINISTRATOR OF THE WINKLER<br>COUNTY MEMORIAL HOSPITAL ,<br>ROBERT L. ROBERTS JR.,<br>INDIVIDUALLY, AS AS SHERIFF,<br>OF WINKLER COUNTY, TEXAS,<br>ROLANDO G. ARAFILES JR,<br>INDIVIDUALLY,<br>SCOTT M. TIDWELL, INDIVIDUALLY,<br>AND IN HIS OFFICIAL CAPACITY AS<br>COUNTY ATTORNEY, AND<br>MIKE FOSTEL, INDIVIDUALLY, AND<br>IN HIS OFFICIAL CAPACITY AS<br>DISTRICT ATTORNEY<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _D-09-CV-037_<br><br># FILED<br><br>AUG 28 2009<br><br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY _____<br>DEPUTY CLERK |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

## INTRODUCTION

1.    Plaintiffs, ANNE MITCHELL and VICKILYN GALLE, through undersigned

counsel, bring this civil action against their former employer, Defendant WINKLER COUNTY,

Defendant WINKLER COUNTY MEMORIAL HOSPITAL, and Defendant STAN WILEY

(individually and in his official capacity as Administrator of Winkler County Memorial

Hospital); Plaintiffs also bring this civil action against Defendant ROBERT L. ROBERTS, JR.

Sheriff of Winkler County(individually and in his official capacity as Sheriff of Winkler

County), DR. ROLANDO ARAFILES, JR. individually, as well as SCOTT M.TIDWELL

(individually and in his official capacity as County Attorney of Winkler County) and against

Mike Fostel (individually and in his official capacity of District Attorney of Winker County).

(collectively, "Defendants"). As described more fully below, Defendants violated Plaintiff

ANNE MITCHELL'S and VICKILYN GALLE'S constitutional right to free speech, and due

process, and have conspired to intimidate and threaten the Plaintiffs' from filing any civil action.

Additionally, the Defendants have violated the Texas Whistleblower Statute, the Texas

Occupational Code, the Texas Health and Safety Code, and have interfered with the Plaintiffs'

business relationship and at will employment.

## PARTIES

2. Plaintiff, ANNE MITCHELL, is an individual and a citizen of both the State of

New Mexico and the United States of America. She resides, and is domiciled, in Lea County,

New Mexico. Her present address is P.O. Box 748, Jal, New Mexico, 88252. She was a public

employee and worked for Defendant WINKLER COUNTY and Defendant STAN WILEY (in

his official capacity as Hospital Administrator).

3. Plaintiff, VICKILYN GALLE, is an individual and citizen of both the State of

New Mexico, and the United States of America. Her present address is P.O. Box 337, Jal, New

Mexico, 88252. She resides, and is domiciled, in Lea County, New Mexico. She was a public

employee and worked for Defendant WINKLER COUNTY and Defendant STAN WILEY (in

his official capacity as Hospital Administrator).

4.     Defendant WINKLER COUNTY is a governmental entity doing business in both the State of Texas and the United States of America. Defendant WINKLER COUNTY maintains its principal place of business at 112 S. Poplar Street, Kermit, 79745, and is a County Government domiciled in Winkler County, Texas. The County may be served by serving Hon. Bonnie Leck, Winkler County Judge, 112 S. Poplar Street, Kermit, Texas 79745.

5.     Defendant WINKLER COUNTY MEMORIAL HOSPITAL is a Texas political subdivision and is a local government owned hospital owned by WINKLER COUNTY doing business in both the State of Texas and the United States of America. Defendant WINKLER COUNTY MEMORIAL HOSPITAL maintains its principal place of business at 821 Jeffee Drive, Kermit, Texas 79745, and is a County Hospital domiciled in Winkler County, Texas. WINKLER COUNTY MEMORIAL HOSPITAL may be served by serving Hon. Bonnie Leck, Winkler County Judge, 100 E. Winkler Street, Kermit, Texas 79745.

6.     Defendant STAN WILEY is an individual and a citizen of both the State of Texas and the United States of America. He is currently the administrator of the WINKLER COUNTY MEMORIAL HOSPITAL and may be served at his place of business at 821 Jeffee Drive, Kermit, Texas 79745. He is domiciled in Winkler County, Texas.

7.     Defendant ROLANDO G. ARAFILES JR. MD is an individual and a citizen of both the State of Texas and the United States of America. He is currently a physician employed by the WINKLER COUNTY MEMORIAL HOSPITAL and may be served at his place of business at 821 Jeffee Drive, Kermit, Texas 79745. He is domiciled in Winkler County, Texas.

8.     Defendant ROBERT L. ROBERTS JR. is an individual and a citizen of both the State of Texas and the United States of America. He is currently the Sheriff of Winkler County

and may be served at his place of business at the Winkler County Sheriff's Office, 1300 Bellaire Road, Kermit, Texas 79745. He is domiciled in Winkler County, Texas.

9.      Defendant SCOTT M. TIDWELL is an individual and a citizen of both the State of Texas and the United States of America. He is currently the Winkler County attorney and may be served at his place of business at the Winkler County Courthouse, 112 S. Poplar Street, Kermit, Texas 79745. He is domiciled in Winkler County, Texas.

10.     Defendant MIKE FOSTEL is an individual and a citizen of both the State of Texas and the United States of America. He is currently the District Attorney for 109th Judicial District which includes Winkler County, Texas and may be served at his place of business at the Winkler County Courthouse, 112 S. Poplar Street, Kermit, Texas 79745. He is domiciled in Winkler County, Texas.

## PERSONAL JURISDICTION

11.     Defendants have systemic and continuous contacts with the State of Texas. Further, Defendants have purposefully directed their activities at plaintiffs, residents of the State of New Mexico, and this civil action results from damages that arise out of or relate to those activities. Therefore, this Court has "general jurisdiction" over Defendants for all matters in which they are a party and "specific jurisdiction" over Defendants for the claims raised in this civil action. In sum, this Court has personal jurisdiction over the parties in this civil action.

## SUBJECT MATTER JURISDICTION

12.     In this civil action, Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, are suing Defendant WINKLER COUNTY, Defendant WINKLER COUNTY MEMORIAL HOSPITAL, Defendant STAN WILEY (in his individual capacity and his official capacity as Administrator), Defendant ROBERT L.ROBERTS JR. (in his individual capacity and his official

capacity as Sheriff), Defendant ROLANDO G. ARAFILES JR., individually, MD Defendant

SCOTT M. TIDWELL, (in his individual capacity and in his official capacity as County

Attorney), Defendant MIKE FOSTEL (in his individual capacity and his official capacity as

District Attorney), under federal law—Section 1983 and 1985 of Title 42 of the United States

Code, and for violating the Plaintiff's rights guaranteed them by the First and Fourteenth

Amendments to the United States Constitution.   To the extent this civil action arises under

federal law, this Court has subject matter jurisdiction pursuant to Section 1331 of Title 28 of the

United States Code (federal question jurisdiction).

13.     Additionally, the Court has jurisdiction over both the federal claims and the state

law claims to be asserted by Plaintiffs under 28 U.S.C. § 1332 (a)(1) because the plaintiffs are

and the defendants are citizens of different states, and the amount in controversy exceeds

$75,000.00, excluding interest and costs.  Plaintiffs Mitchell and Galle are both citizens of Jal,

New Mexico and all defendants are citizens of the State of Texas.

## VENUE

14.     The Court has federal question jurisdiction over this action for violation of the

1983 and 1985 of Title 42 of the United States Code, 42 U.S.C. § 1983 as well as diversity

jurisdiction because the plaintiffs are citizens of New Mexico and the defendants are all citizens

of Texas.  Venue is proper in the U.S. District Court for the Western District of Texas, Pecos

Division because the unlawful practices alleged below were committed therein.

## FACTUAL BACKGROUND

15.     Plaintiff, ANN MITCHELL, first began working for Defendant WINKLER

COUNTY as a registered nurse in 1986.  Over time she was promoted to be the hospital's

Compliance Officer, and also worked as Utilization Management backup and Co-Medical Staff

Coordinator with Ms. Galle. Ms. Mitchell held these positions with the hospital at the time of her termination and was and is a licensed Texas registered nurse.

16.     Plaintiff VICKILYN GALLE, was first employed by Defendant WINKLER COUNTY as a registered nurse in 1987. She became a full time employee in 1994. Ms. Galle was in charge of Quality Improvement, and Utilization Management and was also the Co-Medical Staff Coordinator at WINKLER COUNTY MEMORIAL HOSPITAL. Ms. Galle held these positions with the hospital at the time of her termination, and was and is a licensed Texas registered nurse.

17.     Throughout their employment with Defendant WINKLER COUNTY, at WINKLER COUNTY MEMORIAL HOSPITAL, their work was satisfactory (if not more than satisfactory).

18.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE didn't receive any negative evaluations or reprimands.

19.     ANN MITCHELL'S responsibilities at WINKLER COUNTY MEMORIAL HOSPITAL were the credentialing of all physicians, completing all medicare and medicaid applications for all active and consulting staff members, reviewing all patient transfers, and reviewing patient quality issues including performing billing audits. She also backed up Ms. Galle for utilization management, and received, and reviewed reports annually from each hospital department to ensure that each department was in compliance with their respective regulatory agency.

20.     VICKILYN GALLE'S responsibilities at WINKLER COUNTY MEMORIAL HOSPITAL were making sure patients met criteria for admittance, following patients while admitted in the hospital, and reviewing patient charts and conditions to ensure compliance with State and Federal regulations. Ms. Galle also was in charge of monitoring and improving patient

safety and quality issues. She would prepare the medical staff minutes and coordinate medical staff agenda and meetings.

21.     Defendants WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL DISTRICT impliedly represented that during the course of Plaintiffs'employment, Defendants would act in good faith and would fairly deal with Plaintiffs.

22.     Defendant ROLANDO G. ARAFILES JR. MD, is a physician hired and employed by WINKLER COUNTY MEMORIAL HOSPITAL in April 2008. At the time Dr. Arafiles was hired, he was subject to an order entered in April 2007 by the Texas Medical Board restricting Dr. Arafiles for three years from supervising or delegating prescriptive authority to a physician assistant or advance practice nurse or to supervise a surgical assistant.

23.     Prior to April of 2009 concerns regarding Dr. Arafiles' performance of medical procedures and the standard of care toward patients were voiced by two other physicians, and staff members. These concerns were presented to the Board of Control of WINKLER COUNTY MEMORIAL HOSPITAL. No action was taken by the Board of Control against Dr. Arafiles.

24.     On April 7, 2009, Plaintiff, ANN MITCHELL, AND VICKILYN GALLE, after speaking with representatives of the Texas Medical Board, made an anonymous confidential complaint to the Texas Medical Board about Dr. Arafiles' practice being inconsistent with public health and welfare - quality of care, and the use of a non-therapeutic treatment or prescriptions. A copy of the confidential complaint is attached as Exhibit "A" and incorporated herein.

25.     ANN MITCHELL AND VICKILYN GALLE as registered nurses had a duty both ethically and legally to report to the appropriate licensing board a licensed health care practitioner that they had reasonable cause to believe had exposed a patient to substantial risk of harm.

26.     The anonymous complaint sent to the Texas Medical Board by plaintiffs, ANN MITCHELL AND VICKILYN GALLE related to five (5) patients and did not contain any legally protected patient medical information.

27.     Defendant ROLANDO ARAFILES JR., received a letter from the Texas Medical Board dated April 15, 2009 advising him that a complaint had been filed against him with the Texas Medical Board.  The letter included the names of ten (10) patients that related to the complaint allegations.  A true and correct copy of the letter from the Texas Medical Board to Dr. Arafiles is attached as Exhibit "B" and incorporated herein.

28.     The letter from the Texas Medical Board to Dr. Arafiles advised that the Texas Medical Board is HIPPA exempt; protected health information can be legally provided to the Texas Medical Board without patient consent.

29.     On April 27, 2009, Defendant ARAFILES gave a copy of the letter he received from the Texas Medical Board to Defendant, ROBERT L. ROBERTS, JR., sheriff of Winkler County.

30.     Defendant ARAFILES was Defendant ROBERTS physician and Defendant ROBERTS and Defendant ARAFILES were business associates in the herbal supplement business.

31.     Defendant ROBERTS began an investigation by personally contacting each patient listed in the letter from the Texas Medical Board; the patients all lived either in Kermit, Texas or Jal, New Mexico.

32.     On May 8, 2009 Mari Robinson the Executive Director of the Texas Medical Board received a letter from Defendant ROBERTS on Sheriff's department letterhead representing that Defendant ROBERTS was conducting a criminal investigation for the offenses

of Misuse of Official Information (PC 39.06) and Harassment (PC 42.07) in the case of the complaint filed with the Texas Medical Board regarding Dr. Rolando G. Arafiles Jr. A copy of this letter is attached as Exhibit "C" and incorporated herein.

33.    On May 18, 2009 Defendant ROBERTS received a cover letter from the Texas Medical Board with a copy of the actual complaint (attached at Exhibit "A"). The cover letter from the Texas Medical Board dated May 11, 2009 informed Defendant ROBERTS not only that the Texas Occupations Code makes the complaint letter confidential, but that the Texas Medical Board's understanding was that ROBERTS was investigating a license holder of the Texas Medical Board. A copy of the letter from the Texas Medical Board to defendant ROBERTS is attached at Exhibit "D" and incorporated herein.

34.    After Defendant ROBERTS received this letter he never advised the Texas Medical Board that he was indeed not investigating a license holder of the Texas Medical Board.

35.    Defendant ROBERTS learned from the confidential letter (Exhibit "A") that the complainant(s) were female registered nurses over 50 years of age and employed by the WINKLER COUNTY MEMORIAL HOSPITAL since the 1980s.

36.    The confidential complaint letter (Exhibit "A") allowed Defendant ROBERTS to determine that only Plaintiffs, MITCHELL AND GALLE met the description of the writer of the complaint sent to the Texas Medical Board; this letter allowed him to narrow his search.

37.    During the course of the investigation being conducted by Defendant ROBERTS, at Dr. Arafiles behest, Defendant TIDWELL was advised of the progress of the investigation.

38.    On May 19, 2009 Defendant ROBERTS and Defendant TIDWELL met and decided that a search warrant should be obtained for the computers used by plaintiffs

MITCHELL AND GALLE. A copy of the affidavit for search warrant issued for the computers is attached at Exhibit "E" and incorporated herein.

39.     A letter was seized from the hard drive of the computer used by Plaintiff MITCHELL. The computer was located at the Winkler County community center where plaintiff MITCHELL worked her second job as the emergency management coordinator.

40.     The letter seized from the computer was compared to the confidential complaint and it matched the confidential complaint.

41.     On May 27, 2009 Defendant ROBERTS met with Plaintiffs MITCHELL AND GALLE. Defendant ROBERTS learned that both plaintiffs composed and sent a letter of complaint to the Texas Medical Board.

42.     At the May 27, 2009 meeting with Defendant ROBERT L. ROBERTS JR., Plaintiffs, ANN MITCHELL AND VICKILYN GALLE reported to him, as an appropriate law enforcement agency, what they believed in good faith to be violations of State and Federal law alleged to have been committed by WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL. A copy of the letter given to Sheriff Roberts reporting the alleged health care fraud is attached as Exhibit "F" and incorporated herein.

43.     On June 1, 2009 after all Defendants knew Plaintiffs had reported Dr. Arafiles to the Texas Medical Board, and after Plaintiffs had reported health care fraud alleged to be have been committed by their employer WINKLER COUNTY and WINKLER COUNTY MEMORIAL HOSPITAL, ANN MITCHELL AND VICKILYN GALLE were terminated from their employment with WINKLER COUNTY by Defendant STAN WILEY.

44.     At the time that Defendant STAN WILEY terminated the Plaintiffs, as registered nurses, he knew the Plaintiffs had done what the law allowed - report issues of patient safety to the licensing authority.

45.     Plaintiffs, ANN MITCHELL AND VICKILYN GALLE were terminated from their employment within ninety (90) days of reporting alleged violations of law against WINKLER COUNTY and WINKLER COUNTY MEMORIAL HOSPITAL to Sheriff Roberts.

46.     Plaintiffs, ANN MITCHELL AND VICKILYN GALLE were terminated from their employment within ninety (90) days of reporting alleged violations of law against ROLANDO G.ARAFILES JR. to the Texas Medical Board.

47.     Plaintiffs, ANN MITCHELL AND VICKILYN GALLE duties at WINKLER COUNTY were administrative and ministerial.

48.     Plaintiffs served as non-policy-making and non-confidential employee until their termination.

49.     Plaintiffs were not discharged because of unsatisfactory job performance.

50.     Prior to being discharged, and after their discharge, Plaintiffs were not afforded an opportunity to be heard to contest their discharge. PlaintiffS were not afforded a hearing before an impartial tribunal in which to contest or challenge their discharge. Plaintiffs were not afforded any notice of hearing to contest her discharge, any opportunity to confront and cross-examine their accusers and witnesses against them, any opportunity to present evidence in their own behalf to contest their discharge, any identification or specification of any charges against them, any written findings of fact based on substantial evidence relating to their discharge, any specific grounds for their discharge, or any written statement setting forth the specific acts or omissions that are the reasons for their discharge. (A copy of a letter from Mr. Tidwell, the

Winkler County Attorney, acknowledging there was not a grievance procedure in WINKLER COUNTY that applied to plaintiffs' termination is attached as Exhibit "G" and incorporated herein).

51.     On June 11, 2009 Defendant SCOTT M. TIDWELL appeared before and persuaded a Winkler County Grand Jury to indict Plaintiffs ANN MITCHELL AND VICKILYN GALLE for the third degree felony offense of Misuse of Official Information for filing a complaint against Dr. Rolando G. Arafiles Jr. with the Texas Medical Board.  Copies of the indictments are attached at Exhibits "H" and "I" and are incorporated herein.

52.     The only witness who testified to the Grand Jury was Defendant ROBERT L. ROBERTS, JR.

53.     At the time that Defendant TIDWELL and Defendant ROBERTS appeared before the Grand Jury they knew the plaintiffs as registered nurses had done what the law allowed - report issues of patient safety to the licensing authority.

54.     Defendants WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL  have established and, in terminating Plaintiffs, have implemented employment policies and practices which are arbitrary, capricious, discriminatory, and have no rational basis.

55.     Defendants'WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL employment policies and practices have subjected Plaintiffs to unequal treatment. Defendants' employment policies and practices discriminate on the basis of exercising their freedom of speech and doing what the law allows them to do.

56.     Each defendant retaliated and sought to punish Plaintiffs for doing what the law plainly allows them to do.

57.     On June 17, 2009 Mari Robinson executive director of the Texas Medical Board wrote a letter to Defendants MIKE FOSTEL, District Attorney, AND SCOTT TIDWELL, County Attorney, advising them of relevent portions of state and federal law, presumably unknown to FOSTEL and TIDWEL, about the confidential nature of complaints filed with her agency, and the chilling effect that any such retaliation would have on the complaint process . A copy of this letter is attached at Exhibit "J" and incorporated herein.

58.     Defendants MIKE FOSTEL, SCOTT M. TIDWELL, ROBERT L. ROBERTS, JR., ROLANDO G ARAFILES JR., STAN WILEY, WINKLER COUNTY MEMORIAL HOSPITAL, AND WINKLER COUNTY all interfered with Plaintiffs' ANN MITCHELL'S AND VICKILYN GALLE'S employment and did so in retaliation for Plaintiffs doing what the law allowed them to do.

59.     Defendants MIKE FOSTEL, SCOTT M. TIDWELL, ROBERT L. ROBERTS, JR., ROLANDO G. ARAFILES JR., STAN WILEY, WINKLER COUNTY MEMORIAL HOSPITAL AND WINKLER COUNTY all interfered with  and conspired to deter and intimidate Plaintiffs ANN MITCHELL  AND VICKLYN GALLE from filing any civil suit against WINKLER COUNTY, WINKLER COUNTY MEMORIAL HOSPITAL and any of their entities or employees.

60.     On July 7, 2009 Defendant MIKE FOSTEL wrote stating that if Plaintiffs ANN MITCHELL AND VICKILYN GALLE wanted the felony cases dismissed they were required to accept their firing, agree not to file any civil action against Defendants WINKLER COUNTY MEMORIAL HOSPITAL, WINKLER COUNTY, or any of its entities or employees, and if a case had already been filed, dismiss it with prejudice. A copy of the letter from MIKE FOSTEL, District Attorney, is attached as Exhibit "K"

## FIRST CLAIM FOR RELIEF (Civil Action for Deprivation of Rights)

61.     Plaintiff, ANN MITCHELL AND VICKILYN GALLE, engaged in speech concerning a matter of public concern; they reported to the Texas Medical Board violations of law about concerns of patient safety regarding the care patients were receiving by Defendant ROLAND G ARAFILES JR. and they reported violations of law regarding Medicare fraud allegedly being committed by their employer by accepting disproportionate share monies from the State of Texas and the Federal Government to ROBERT L ROBERTS JR., Sheriff of Winkler County. Their interest in doing so outweighs any of Defendants' interest in promoting efficiency. Still, Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, suffered adverse employment actions—termination and were retaliated against subsequently by being criminally prosecuted. Plaintiffs, ANN MITCHELL's AND VICKILYN GALLE's speech motivated Defendants' imposition of these adverse employment actions. Thus, Defendants WINKLER COUNTY, WINKLER COUNTY MEMORIAL HOSPITAL, ROLANDO G. ARAFILES JR., STAN WILEY (in his individual capacity and his official capacity as Administrator of the Hospital), ROBERT L. ROBERTS JR.(in his individual capacity and his official capacity as Sheriff of Winkler County), SCOTT M. TIDWELL (in his individual capacity and his official capacity as County Attorney of Winkler County), and MIKE FOSTEL (in his individual capacity and his official capacity as District Attorney) while acting under color of state law, deprived Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, of their right to free speech—as guaranteed by the First Amendment to the United States Constitution—in violation of Section 1983 of Title 42 of the United States Code, and retaliated against Plaintiffs for attempting to exercise their First Amendment rights to free speech.

62.     Plaintiff incorporates by reference and realleges paragraphs 1 through 61.

Defendants have terminated Plaintiff's employment in violation of the First Amendment to the United States Constitution and Title 42 USCA §1983. This claim arises both directly under 42 USCA §1983 and under the United States Constitution. Plaintiffs' protected speech (their report of violations of law regarding patient safety concerns, and of health care fraud committed by a public hospital) motivated Defendants' imposition of these adverse employment and criminal actions.

63.     In consideration of the law clearly established at the time they occurred, these deprivations and violations were objectively unreasonable. Therefore, Defendant ROLANDO ARAFILES JR., STAN WILEY, ROBERT L. ROBERTS JR., SCOTT TIDWELL AND MIKE FOSTEL may be held liable under Section 1983 in their individual capacity and are not entitled to qualified immunity from liability in this civil action. Furthermore, Defendant ROLANDO G. ARAFILES JR., STAN WILEY (in his individual capacity), ROBERT L. ROBERTS JR(in his individual capacity), SCOTT M. TIDWELL,(in his individual capacity) AND MIKE FOSTEL(in his individual capacity), displayed reckless and callous indifference to Plaintiffs, ANN MITCHELL's AND VICKILYN GALLE's federally protected rights.

64.     Defendants WINKLER COUNTY and WINKLER COUNTY MEMORIAL HOSPITAL are liable under Section 1983 because it officially adopted and promulgated the decision to inflict the aforementioned adverse employment actions. Defendant WINKLER COUNTY and WINKLER COUNTY MEMORIAL HOSPITAL are also liable under Section 1983 because this decision was made by an official with whom Defendant WINKLER COUNTY had delegated policy-making authority—Defendants STAN WILEY, SCOTT M. TIDWELL, ROBERT ROBERTS, JR., AND MIKE FOSTEL. Specifically, WINKLER COUNTY had a

policy to prohibit any adverse report without first getting the approval of both the Board of Control of WINKLER COUNTY MEMORIAL HOSPITAL and the Medical Staff. This discouraged employees from publicly reporting matters of public concern regarding patient safety and the patients health and welfare as to how they were being treated that would cast WINKLER COUNTY OR WINKLER COUNTY MEMORIAL HOSPITAL OR ROLANDO G. ARAFILES, JR. in a negative light. Defendant ROBERT L. ROBERTS JR., was consulted by ROLANDO ARAFILES regarding ANN MITCHELL AND VICKILYN GALLE report to the Texas Medical Board and ROBERT L. ROBERTS JR., SCOTT M. TIDWELL AND MIKE FOSTEL joined in retaliating against Plaintiffs for the exercise of their speech. Despite the lack of valid policy and facts to substantiate the reasons for the termination and/or prosecution and despite the obvious pretext of these reasons WINKLER COUNTY upheld the decision made by Defendant STAN WILEY to terminate Plaintiffs ANN MITCHELL AND VICKILYN GALLE. Therefore, Defendant WINKLER COUNTY is liable under Section 1983 for the violation of Plaintiffs ANN MITCHELL AND VICKILYN GALLE right to free speech-as guaranteed by the First Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF(Due Process - Vindictive Prosecution)

65.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 64.

Defendants, acting under color of authority vested in them by the State of Texas, have terminated Plaintiff's employment without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Title 42 USCA §1983. Defendants ROBERT L. ROBERTS JR., SCOTT M. TIDWELL, AND MIKE FOSTEL also have sought to punish and retaliate against Plaintiffs ANN MITCHELL AND VICKILYN GALLE for doing what the law clearly allows them to do - make a report to a state agency; this is vindictive prosecution. This

claim is predicated on both procedural and substantive due process. This claim arises both directly under <u>Title 42 USCA §1983</u> and under the United States Constitution.

### THIRD CLAIM FOR RELIEF(42 USC §1985)

66.     Plaintiffs incorporate by reference and re-alleges paragraphs 1 through 65. Defendants ROLANDO ARAFILES, JR., STAN WILEY, SCOTT M. TIDWELL, ROBERT L. ROBERTS, JR, AND MIKE FOSTELL have conspired to deter plaintiffs ANN MITCHELL AND VICKILYN GALLE from filing a Federal lawsuit or testifying in any such suit by intimidation and threats to continue to prosecute them and conspired to interfere with plaintiffs', ANN MITCHELL AND VICKILYN GALLE. employment relationship both to intimidate plaintiffs and retaliate against them for attempting to be witnesses in a federal criminal investigation  in violation of <u>Title 42 USCA §1985</u>. See Exhibit "K".  These actions have damaged Plaintiffs. This claim arises both directly under <u>42 USCA §1985</u> and under the United States Constitution.

### FOURTH CLAIM FOR RELIEF(Texas Whistleblower §554.002)

67.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 66.

68.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE were public employees.

69.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE made a good faith report to the Texas Medical Board, a law enforcement agency, that ROLANDO G.ARAFILES, JR., a public employee, had violated the law.

70.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE made a good faith report to Sheriff Robert L.Roberts Jr., whom they believed in good faith  to be an appropriate law enforcement officer, of health care fraud, a violation of State and Federal law.

71.     Before Plaintiffs ANN MITCHELL AND VICKILYN GALLE were terminated Defendants STAN WILEY, WINKLER COUNTY, WINKLER COUNTY MEMORIAL HOSPITAL, ROLANDO ARAFILES, JR, ROBERT L. ROBERTS, JR., AND SCOTT M. TIDWELL all knew or had knowledge that plaintiffs had made a report about Defendant ROLANDO ARAFILES, JR., to the Texas Medical Board.

72.     Before plaintiffs ANN MITCHELL AND VICKILYN GALLE were terminated Defendants STAN WILEY, WINKLER COUNTY, WINKLER COUNTY MEMORIAL HOSPITAL, ROLANDO ARAFILES, JR, ROBERT ROBERTS, JR., AND SCOTT M. TIDWELL all knew or had knowledge that plaintiffs had made a report to Defendant ROBERT L. ROBERTS, JR., about health care fraud being committed by WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL.

73.     Because of, and in retaliation for reporting these violations of the law plaintiffs, ANN MITCHELL AND VICKILYN GALLE were terminated by their employer, WINKLER COUNTY and WINKLER COUNTY MEMORIAL HOSPITAL.

74.     Plaintiffs requested to initiate the grievance procedure soon after being terminated, however Defendants WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL didn't have an grievance or appeal procedure that plaintiffs ANN MITCHELL OR VICKILYN GALLE could initiate in order to appeal or grieve their termination to a review board and were forced to file this suit.

75.     Because plaintiffs ANN MITCHELL AND VICKILYN GALLE were terminated within ninety (90) days of making the reports it is presumed that the cause for the termination.

### FIFTH CLAIM FOR RELIEF(Texas Occupations Code §301.4025)

76.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 75.

77.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE reported DR. ROLANDO G. ARAFILES JR. to the Texas Medical Board, an appropriate licensing board, for conduct which they reasonably believed had exposed patients to substantial risk of harm because the care provided by DR ROLANDO G. ARAFILES JR., failed to conform to the minimum standards of acceptable and prevailing professional practice.

78.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE were allowed by law to make this report.

79.     Defendants WINKLER COUNTY, STAN WILEY, ROBERT L. ROBERTS JR., SCOTT M. TIDWELL, AND WINKLER COUNTY MEMORIAL HOSPITAL knew Plaintiffs reported ROLAND ARAFILES, JR. to the Texas Medical Board.

80.     As a result of making this report WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL terminated plaintiffs.

81.     As a result of making this report DR. ROLANDO ARAFILES JR., individually, ROBERT L. ROBERTS, JR., individually, SCOTT M. TIDWELL, individually, and STAN WILEY, individually, all retaliated against plaintiffs ANN MITCHELL AND VICKILYN GALLE for filing a report required, authorized, and reasonably believed to be required or authorized by the Texas Occupations Code.

82.     This retaliation was in the form of both interfering with plaintiffs employment, official oppression, and termination.

### SIXTH CLAIM FOR RELIEF(Texas Health and Safety Code §242.133)

83.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 82.

84.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE reported to a law enforcement agency, and/or a state regulatory agency a violation of law including a violation of the Health and Safety Code.

85.     As a result of this report, Plaintiffs ANN MITCHELL AND VICKILYN GALLE were terminated from their jobs.

86.     Defendants WINKLER COUNTY, STAN WILEY, ROBERT L. ROBERTS JR., SCOTT M. TIDWELL, WINKLER COUNTY, AND WINKLER COUNTY MEMORIAL HOSPITAL knew Plaintiffs reported ROLAND ARAFILES all knew plaintiff made such a report prior to their termination.

87.     Plaintiffs have a cause of action for retaliation for these actions.


### SEVENTH CLAIM FOR RELIEF(Texas Occupations Code  §160.012)

88.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 87.

89.     Plaintiffs reported to the Texas Medical Board a violation under Chapter 160 of the Texas Occupations Code.

90.     Defendant STAN WILEY, individually, ROBERT L. ROBERTS, JR. individually, and SCOTT M. TIDWELL, individually, are liable for disciplining and discriminating against Plaintiffs ANN MITCHELL AND VICKILYN GALLE for plaintiffs report to the Texas Medical Board.

### EIGHTH CLAIM FOR RELIEF(Texas Administrative Code  §217.19)

91.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 90.

92.     Plaintiffs reported to the Texas Medical Board a violation in accordance with Section 301.4025 of the Texas Occupations Code.

90.     Defendant STAN WILEY, as administrator and individually, WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL, ROBERT L. ROBERTS, JR. individually, and SCOTT M. TIDWELL, individually, are liable under Section 301.413 of the Texas Administrative Code for terminating, disciplining and discriminating against Plaintiffs ANN MITCHELL AND VICKILYN GALLE for their repot to the Texas Medical Board.

### NINTH CLAIM FOR RELIEF(Tortious Interference with Business)

91.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 90.

92.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE were long term employees of WINKLER COUNTY.

93.     Defendant ROLANDO G. ARAFILES JR, knew that Plaintiffs were employed by WINKLER COUNTY

94.     Defendant ROLANDO G. AFAFILES JR., individually, committed an independently tortious and unlawful act of reporting the Plaintiffs to the Sheriff knowing that such report would affect Plaintiffs employment.

95.     Defendant ROLANDO G. ARAFILES JR., individually, intentionally and without justification interfered with Plaintiffs employment.

96.     Defendant ROLANDO G. ARAFILES' JR., individually, actions were the proximate cause of Plaintiffs damages.

97.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE suffered actual damages and losses as a result of these actions.

## JURY DEMAND

98.     In accordance with Federal Rule of Civil Procedure 38, Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, demand a trial by jury of all issues raised in this civil action that are triable of right (or choice) by a jury.

## DEMAND FOR JUDGMENT

99.     In accordance with Federal Rule of Civil Procedure 8(a), Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, makes the following demand that judgment be issued in her favor on all her claims and respectfully requests that this Court:

A.     Issue a declaratory judgment that Defendants WINKLER COUNTY, WINKLER COUNTY MEMORIAL HOSPITAL, Defendant STAN WILEY (in his individual capacity and official capacity as Administrator), ROBERT L. ROBERTS JR. (in his individual capacity and official capacity as Sheriff), SCOTT M. TIDWELL (in his individual capacity and official capacity as County Attorney), MIKE FOSTEL (in his individual capacity and official capacity as District Attorney)   unlawfully deprived Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, of their right to free speech—as guaranteed by the First Amendment to the United States Constitution—in violation of Section 1983 of Title 42 of the United States Code (declaratory relief);

B.     Permanently enjoin Defendants WINKLER COUNTY, WINKLER COUNTY MEMORIAL HOSPITAL, STAN WILEY (in his individual capacity and official capacity as Administrator), ROBERT L. ROBERTS JR. (in his individual capacity and official capacity as Sheriff), SCOTT M. TIDWELL (in his individual capacity and official capacity as County Attorney), MIKE FOSTEL (in his individual capacity and official capacity as District Attorney) , their agents, and those acting in concert with them: (a) from maintaining an

unconstitutional political patronage system in governmental employment policy whereby freedom of political beliefs, association, or affiliation is infringed; (b) requiring Defendants to adopt and implement an equal-opportunity employment policy including, but not limited to, the establishment of nondiscriminatory hiring, promotion, and discharge plans designed to eliminate the effects of their discriminatory employment practices;

C.      Issue a monetary judgment in an amount equal to the difference between the wages and benefits Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, actually received and the wages and benefits she would have received but for Defendants' illegal acts (back pay);

D.      Order Defendants to reinstate Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, into their former positions with all concomitant wages and benefits and seniority, or in lieu thereof, issue a monetary judgment in an amount sufficient to reimburse Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, for losses she is likely to suffer in the form of future pay and benefits and loss of seniority (reinstatement or front pay);

E.      Issue a monetary judgment in an amount sufficient to compensate Plaintiff, ANN MITCHELL AND VICKILYN GALLE, for all other damages, including but not limited to noneconomic damages for emotional pain and suffering, they have suffered as a result of Defendants' violations of law as described herein (compensatory and actual damages);

F.      Issue a monetary judgment in an amount sufficient to punish Defendants ROLANDO G. ARAFILES, (in his individual capacity), ROBERT L. ROBERTS, JR. (in his individual capacity), SCOTT M. TIDWELL (in his individual capacity), and MIKE FOSTEL (in his individual capacity)   for violating Plaintiffs, ANN MITCHELL'S AND VICKILYN GALLE'S constitutional rights to free speech as guaranteed by the First Amendment to the

United States Constitution, due process guaranteed by the Fourteenth Amendment, and their rights not to be intimidated or threatened for seeking redress in court and to deter them from engaging in such actions in the future (punitive damages);

G.     To the greatest extent allowed by law, issue a monetary judgment granting Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, pre-judgment and post-judgment interest on all amounts to which she is entitled;

H.     Award Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, attorneys' fees and costs;

I.     To the extent not otherwise requested herein, issue a monetary judgment in favor of Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, for all back pay, front pay (in lieu of reinstatement), actual damages, compensatory damages, punitive damages, exemplary damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs, to which she is entitled; and

J.     Award Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, such additional relief as this Court deems proper and just and to which she is entitled under any of the causes of action alleged by Plaintiffs in law or equity.

Respectfully Submitted,

**THE LAW OFFICE OF
BRIAN CARNEY**
1202 West Texas Avenue
Midland, Texas 79701
(432) 686-8300 (Telephone)
(432) 686-1949 (Facsimile)

Brian Carney
Texas State Bar No. 03832275

# CONFIDENTIAL

April 7, 2009

TO: Texas Medical Board
RE: Dr. R. Arafiles – Active Medical Staff member of Winkler County Memorial
              Kermit, TX

The current Administration, with approval of the Medical Staff and Board of Control has approved a policy of "Self Review" which prohibits reporting of any concerns to any Board/ Agency without their being notified of the intent to report.

This issue began when Dr. M. Young was reported last year for abandonment of patients. The Bylaws require that the physician arrange for care by another provider before he/she leaves. This was not done, however, the Administrator was contacted and somehow managed to resolve this issue to the Boards satisfaction. Since that time, he has been able to negotiate with the Medical Staff and Board of Control to have reporting and record review procedures altered to require notification and or approval before any action is taken. In fairness, there is one new Board member who relies on Administration and other Board members to provide accurate information and guidance.

As a patient advocate and registered nurse, it is my duty and responsibility to express my concerns regarding the standard of care that this physician provides to the community. This is a brief list of the patient files that are of concern:

Standard of Care/Patient Safety issue
    14820-112282    14813-112192  4109-111654  0180-116288
    6553-113402    6553-113450

Patients that are seen in the clinic by Dr. Arafiles are later emailed and encouraged to buy herbal medicines that he sells. These medicines are not sold in the clinic.

In the December meeting of the Medical Staff it was decided that Dr. Arafiles would be given active medical staff privileges. This was done with the proviso that he contacts the Medical Board to remove the restriction on his license. This was to be accomplished within 6 months - June 2009. The current Bylaws require that the privileges be granted to a physician with an unrestricted license. If this is not accomplished, then he could not be on active staff.

The pharmacy has kept a log of intervention necessary due to dosage issues i.e. Vancomycin dosage, dosage in children and MVI usage. Herbal medications are not in the formulary.

Utilization Management was told by Administration, Mr. Wiley not to send any records for review, he would tell UM when that could be started. -Fall 08.

Concerns have been voiced by two other physicians, ED staff, and clinic staff. The Administrator and Board of Control have been notified of these concerns - re: procedures, standards of care. The Chief of Staff, Dr. Pham, requested a meeting for October 16th with Drs. Arafiles and Winton, and A. Mitchell and Mr. Wiley.

**EXHIBIT
A**

Mr. Wiley cancelled the October 16th meeting. Mr. Wiley then cancelled the regular Medical Staff meeting on November 12th and rescheduled for November 26th, the day before Thanksgiving. He cancelled this one also. The privileges for Dr. Arafiles were to be addressed at the November Medical Staff meeting - continuation of provisional (as recommended by Dr. Pham) or appointment to active staff. As stated, Dr. Arafiles was granted active privileges, in December, with the proviso that he gets the restriction removed from his license.

Dr. Pham, Chief of Staff, presented his concerns to the Board of Control at their December meeting. His report consisted of documentation and case review, as well as current standards of care. Dr. Pham has also intervened when supplies were requested by Dr. Arafiles – with the reported intent to perform a procedure in the home of the patient rather than at the hospital. The supplies were not provided.

Due to the "economic climate", the fact that I am over 50, female, and have been employed by this facility since the 1980's; I am hesitant to place a signature on this information. Administration has made it clear that there will be no reporting of any problems without Administrative, Medical Staff and Board notification. This would certainly create an opportunity for Mr. Wiley to remove me from employment.

At the appropriate time I will speak with an investigator, should the Medical Board determine that an investigation is warranted.

Thank you

CONFIDENTIAL





# Texas Medical Board

Mailing Address:   P.O. Box 2018   •   Austin, Tx 78768-2018
Location Address: 333 Guadalupe Tower 3 Suite 610 Austin TX 78701
Phone (512) 305-7100 • Fax (512) 305-7123

April 15, 2009

ROLANDO GERMAN ARAFILES JR, MD
706 CHAMPIONS ROW
VICTORIA, TX 77904

Re: File # 09-4208   (please refer to this number in future correspondence.)

Dear Doctor ARAFILES:

The Texas Medical Board (TMB) has received a complaint against you. According to state law, Texas Medical Practice Act § 154.057 (a)-(b), all complaints received by the Board against a physician must be evaluated within 30 days, or the complaint is automatically filed for investigation.

As part of this process, TMB rules allow 14 days from the date of this letter for you to respond to this complaint. **Your response is due on or before 04/29/2009.** In order to meet the statutory deadline, no extension can be granted.

Within a 30-day period, the Board must determine if there is a violation of the Medical Practice Act indicated which warrants an official investigation, or if the complaint should be closed without being filed as an official investigation. Your response is important to the Board's evaluation.

These allegation(s) fall under the general statutory violation of:

164.051(a)(6) - QC PRACTICE INCONSISTENT WITH PUBLIC HEALTH AND WELFARE - QUALITY OF CARE

164.053(a)(5)-NON-THERAPEUTIC PRESCRIBING OR TREATMENT

The complaint allegations specifically relate to:

With regard to care/treatment and prescribing practices for patients: Caesar Chacon (DOB 10-05-1974), Murray Ballard (DOB 05-27-1934), Stephanie Burrows (DOB 06-07-1986), Joann Berzoza (DOB 07-29-1961), Miguel Rocha (DOB 10-19-1997), Leonore Nunez (DOB 04-11-1953), Mildred Ward (DOB 01-07-1944), Shawn Hyde (DOB 12-27-1971), Claytonia Uriquidi (DOB 02-17-1985) and Domingo Guzman (DOB 06-21-1955).

As part of your response, you are encouraged to include any records or documents you believe are relevant. If you provide a complete copy of your office records (medical and billing), please complete the enclosed Affidavit and attach it to the submitted records. The TMB is HIPAA exempt, which means you can legally provide protected health information without further patient consent.

A determination will be made after considering your response and other available evidence. If a formal investigation is warranted and the complaint is filed, you will receive a notice letter with additional information. If the complaint is not filed, you will be notified in writing within the next few weeks. The complaint and your response, if any, will become part of the agency record of this matter.

Please forward your response and documentation to mail drop MC-263 at the address listed above. If you have any questions, please contact PAM CROCKER at (512) 931-2220.

**EXHIBIT**

**B**

Sincerely,

The Texas Medical Board

Enclosure: Affidavit

JSUB01.doc



ROBERT L. ROBERTS, JR., SHERIFF
— WINKLER COUNTY —
Post Office Box 860
KERMIT, TEXAS 79745
Telephone: 915-586-3461

WINKLER COUNTY
ORGANIZED IN 1910

TEXAS MEDICAL BC

2009 MAY -8 PM 2:

Texas Medical Board
Mari Robinson Executive Director
P.O. Box 2018
Austin, TX 76768

Ref: File #09-4208

Dear Director Robinson

    I am conducting a criminal investigation for the offenses of Misuse of Official Information (PC 39.06) and Harassment (PC 42.07) in the case of the complaint filed with the Texas Medical Board regarding Dr. Rolando G. Arafiles Jr., file # 09-4208. I am requesting a copy of this complaint from the Texas Medical Board to assist with this investigation. I thank you for your cooperation in this matter.

Sincerely,

Sheriff Robert L. Roberts

EXHIBIT
C



## TEXAS MEDICAL BOARD

May 11, 2009

Robert L. Roberts
Winkler County
PO Box 860
Kermit, TX 79745

**Re:** Request for Information Regarding Log #09-4208

Dear Sheriff Roberts:

The Texas Medical Board ("TMB") received your request on May 8, 2009. Enclosed is the following information that is classified as public information:

> Public Verification Printout(s)
> Disciplinary Order(s)

Some information responsive to your request, however, is confidential, in accordance with Sec. 164.007(c), Texas Occupations Code. The TMB is authorized to provide this confidential information to a law enforcement agency, pursuant to Sec. 164.007(h), which provides:

> (h) The board shall cooperate with and assist a law enforcement agency conducting a criminal investigation of a license holder by providing information that is relevant to the criminal investigation to the investigating agency. **Information disclosed by the board to an investigative agency remains confidential and may not be disclosed by the investigating agency except as necessary to further the investigation.**

It is our understanding that your agency is a bona fide law enforcement agency and is conducting a criminal investigation of a license holder of the TMB. It is also our understanding that your agency is authorized to and agrees to maintain the confidentiality of this information, as required by Sec. 164.007(h), Texas Occupations Code. If we are incorrect in any of these understandings, please advise us immediately. TMB is not authorized to provide confidential information unless these assumptions are correct.

---

**Location Address:**
333 Guadalupe, Tower 3, Suite 610
Austin, Texas 78701

**Mailing Address**
MC-251, P.O. Box 2018
Austin, Texas 78768-2018

Phone 512.305.7010
Fax 512.305.7051
www.tmb.state.tx.us

EXHIBIT
D

This confidential information includes the following:

Copy of complaint

For more information about this request please contact me at my direct number: 512-305-7075.

Yours very truly,

Bonnie Kaderka

Bonnie Kaderka
Open Records Information Specialist

COPY

## AFFIDAVIT FOR SEARCH & ARREST WARRANT

**THE STATE OF TEXAS**

**COUNTY OF WINKLER**

1. THERE IS IN WINKLER COUNTY, TEXAS, A SUSPECTED PLACE AND PREMISES ITEMS DESCRIBED AND LOCATED AS FOLLOWS: (1) A GATEWAY 2000 COMPUTER GT5263E, SYSTEM S/N CCZ6A N10 04409 LOCATED IN THE WINKLER COUNTY COMMUNITY CENTER, OFFICE OF EMERGENCY MANAGEMENT 118 N POPLAR KERMIT TX. (2) A DELL OPTIPLEX 2101L COMPUTER S/N 6GX4W91 LOCATED IN THE WINKLER COUNTY MEMORIAL HOSPITAL OFFICE OF COMPLIANCE 821 JEFFEE KERMIT TX. (3) A DELL OPTIPLEX 2101L COMPUTER NO S/N AVAILABLE LOCATED IN THE WINKLER COUNTY MEMORIAL HOSPITAL OFFICE OF QUALITY CONTROL 821 JEFFEE KERMIT TX.
SEARCH WARRANT TO INCLUDE ANY AND ALL COMPUTER STORAGE DEVICES TO INCLUDE FLOPPY DISKS CD'S AND FLASH DRIVES AND ANY OTHER MEDIA CAPABLE OF STORING COMPUTER FILES. FURTHER, THERE MAY EXIST IN THESE PREMISES CERTAIN HARD COPY PRINTOUTS CONTAINING RELEVENT MATERIAL TO THE PENDING INVESTIGATION.

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES PROPERTY CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS: AN ANONYMOUS LETTER TO THE TEXAS STATE MEDICAL BOARD LISTING COMPLAINTS AGAINST DR ROLANDO ARAFILES

3. SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING PERSONS: THE COMPUTERS IN THE OFFICE EMERGENCY MANAGEMENT AND COMPLIENCE ANNE M MITCHELL , THE COMPUTER IN THE OFFICE OF QUALITY CONTROL VICKILYN GALLE. THE COMPUTERS ARE THE PROPERTY OF WINKLER COUNTY

4. IT IS THE BELIEF OF AFFIANT, AND HE HEREBY CHARGES AND ACCUSES, THAT: ANN M MITCHELL OR VICKILYN GALLE ON OR ABOUT APRIL OF 2009 INTENTIONALLY, AND KNOWINGLY SENT THE ANONYMOUS LETTER TO THE TEXAS STATE MEDICAL BOARD LISTING COMPLAINTS AGAINST DR ROLANDO ARAFILES WITH THE INTENT HARM OR DEFRAUD DR ROLANDO ARAFILES, AND WITH THE INTENT TO HARASS, ANNOY, ALARM, ABUSE, TORMENT, OR EMBARRASS DR ROLANDO ARAFILES

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: ON TUESDAY 05/19/2009 AT APPROXIMATELY 2:00 PM WINKLER COUNTY SHERIFF ROBERT L ROBERTS, AND I CHIEF INVESTIGATOR JAMES N SWANSON CONDUCTED INTERVIEWS OF EMPLOYEE'S OF THE WINKLER COUNTY MEMORIAL HOSPITAL. CERTAIN SUBJECTS INTERVIEWED APPEARED DECEPTIVE ABOUT FACTS SURROUNDING THE ALLEGED IMPROPER USE OF MEDICAL AND / OR HOSPITAL RECORDS. THIS OFFICER BEILEVES THAT THERE MAY EXIST ON THE COMPUTERS OR IN THE FILES OF 2 INDIVIDUALS, CERTAIN DATA AND OR FILES WHICH MAY OR WILL CONTAIN MATERIAL RELEVANT AND MATERIAL TO THE INVESTIGATION BEING CONDUCTED. SPECIFICALLY, THIS OFFICER BELIEVES THAT THE COMPUTERS AND / OR HARD DRIVES / AND OR STORAGE INCLUDING

HARD COPY PRINTOUTS OF FILES ALLOTTED TO ANNE MITCHELL AND VICKILYN GALLE MAY OR WILL CONTAIN DATA AND / OR FILES AND / OR MEDIA STORAGE RELEVANT TO THE INVESTIGATION IN PROGRESS. THIS OFFICER FURTHER BELIEVES THAT UNLESS THIS DATA IS RETRIEVED BY USE OF THIS SEARCH WARRANT THAT THE DATA AND / OR FILES MAY BE CORRUPTED OR ERASED SUCH THAT THE DATA AND / OR FILES WILL BE FOREVER LOST.

**WHEREFORE, YOU ARE DIRECTED TO ENTER THE SUSPECTED PLACE AND PREMISES BEING THE OFFICE OF EMERGENCY MANAGEMENT LOCATED AT 118 N POPLAR KERMIT TX, AND THE OFFICES OF QUALITY CONTROL AND THE OFFICES OF COMPLIENCE LOCATED AT 821 JEFFEE KERMIT TX. YOU ARE DIRECTED TO SEARCH FOR AND TO SEIZE THE FOLLOWING PROPERTY:**
**RECORDS IN THE POSSESSION OF ANNE M MITCHELL, AND VICKILYN GALLE. THAT EVIDENCE OF VIOLATIONS OF TEXAS PENAL CODE 42.07, AND 39.06, TO WIT: ELECTRONIC STORAGE DEVICES CAPABLE OF RECEIVING OR STORING ELECTRICAL DATA REGARDING THE AFOREMENTIONED (RECORDS), INCLUDING, WITHOUT LIMITATION, MAGNETIC TAPES AND DISKS, FLOPPY DISKETTES AND HARD DRIVE DATA STORAGE DISKS, FLASH DRIVES, CD ROMS, DVD'S, HARD COPY PRINT-OUTS OF FILES AND DATA, AND THE HARDWARE NECESSARY TO RETIEVE SUCH DATA, INCLUDING, BUT NOT LIMITED TO, CENTRAL PROCESSING UNITS (CPUs), VIEWING SCREENS, DISK OR TAPE DRIVES, PRINTERS, MONITORS, AND THE MANUALS FOR THE OPERATION THEREOF WITH ALL SOFTWARE, HANDWRITTEN NOTES, OR PRINTED MATERIALS DESCRIBING THE OPERATION OF SAID COMPUTERS, HARDWARE AND SOFTWARE AND ANY AND ALL PASSWORDS FOUND AT THE LOCATION THAT MAY ALLOW ACESS TO ANY OF THE AFOREMENTIONED EQUIPMENT.**

_____
Affiant

Subscribed and sworn to before me by said Affiant on this the ___19th___ day of
___May_____, 2007.

_____
MAGISTRATE, WINKLER COUNTY, TEXAS

**THE STATE OF TEXAS**

**COUNTY OF WINKLER**

**THE STATE OF TEXAS to the Sheriff or any Peace Officer of Winkler County, Texas or any Peace Officer of the State of Texas, Greeting:**

WHEREAS, the Affiants whose names appear on the Affidavit on the reverse side hereof are Peace Officers under the laws of Texas and did heretofore this day subscribe and swear to said Affidavit before me (which said Affidavit is here now made part hereof for all purposes), and whereas I find that the verified facts stated by Affiants in said Affidavit show that Affiants have probable cause for the belief they express therein and establish existence of proper grounds for issuance of this Warrant: now, therefore, you are commanded to enter the suspected place described in said Affidavit and to there search for the personal property described in said Affidavit and to seize same and to arrest and bring before me each suspected party named in said Affidavit.

**FURTHER, you are ORDERED,** pursuant to the provisions of Article 18.10, Texas Code of Criminal Procedure, to retain custody of any property seized pursuant to this Warrant, until further order of the Court or any other court of appropriate jurisdiction shall otherwise direct the manner of safekeeping of said property. This Court grants you leave and authority to remove such seized property from this county, if and only if such removal is necessary for the safekeeping of such seized property by you, or if such removal is otherwise authorized by the provisions of Article 18.10, T.C.C.P. You are further ORDERED to give notice to this Court, as a part of the Inventory to be filed subsequent to the execution of this Warrant, and as required by Article 18.10, T.C.C.P., of the place where the property seized hereunder is kept, stored and held.

**HEREIN FAIL NOT,** but have you then and there this Warrant within three days, exclusive of the day of its issuance and exclusive of the day of its execution, with your return thereon, showing how you have executed the same, filed in this Court.

**ISSUED THIS THE** _19th_ day of _May_ ____, A.D., 2007, at _8:35_ o'clock _P._ .M. To certify which witness my hand this day.

_DeLynn Trammell_
MAGISTRATE

**THE STATE OF TEXAS**
**COUNTY OF WINKLER**

Each of the undersigned Affiants, being a Peace Officer under the laws of Texas and being duly sworn, on oath certified that the foregoing Warrant came to hand on the day it was issued and that it was executed on the _9th_ day of _MAY_ ____, A.D., 2007, by making the search directed therein and by arresting and placing in jail each of the following parties, to wit:

and by seizing during such search the following described property; retained by such Peace Officer, and kept, stored and held as hereinafter set out:

118 N Poplar (Community Center Office of Emergency Management) Gateway 2000 Computer GT5263E System S/N CC26A N10 04404 and 1 Kingston 4G Flashdr
821 Jeffee (Winkler County Memorial Hospital)
V. Gane's office Dell Computer S/N CGX4W91 + Kingston 1G Flash Drive d 3G Flas
A. Mitchell's office Dell computer S/N 6TX4W91, + Letter from Tx Medical Board Distr.
Dated 4/8/2007

AFFIANT

**SUBSCRIBED AND SWORN TO BEFORE ME** by each of said Affiants whose name is signed above on this the _20th_ day of _May_ ____, A.D., 2007.

_DeLynn Trammell_
MAGISTRATE

May 27, 2009

Dear Sheriff Roberts:

We would like this to acknowledge our to report to you of what we believe in good faith to be a violation of law by our employer, the Winkler County Hospital and Winkler County.

We believe you, as Sheriff, and the County's chief law enforcement officer, to be an appropriate law enforcement agency to receive such a report and investigate and take appropriate action of what be believe in good faith to be health care fraud that this is being committed by the Hospital and Winkler County accepting disproportionate share monies from the State of Texas and the Federal Government.

EXHIBIT
F

# BRIAN CARNEY
### ATTORNEY AT LAW

1202 W. TEXAS AVENUE
MIDLAND, TEXAS 79701

TELEPHONE: 432-686 8300
FACSIMILE: 432-686 1949

August 17, 2009

Scott Tidwell
Winkler County Attorney
P.O. Box 1015
Kermit, Texas 79745

Via fax (432) 586-3535 and Certified mail

Re: Galle and Mitchell- Lack of Grievance procedure

Dear Scott,

This letter is to confirm our conversation where we discussed the lack of any applicable grievance procedure for either Nurse Galle's or Nurse Mitchell's termination from the Winkler County Hospital.

If you would be so kind as to initial below and fax this back to me to acknowledge that there is no applicable grievance procedure for their termination I would appreciate it.

If I am incorrect about the content of our conversation please let me know as soon as you can.

Sincerely yours,

Brian Carney

Scott Tidwell
County Attorney
Winkler County, Texas

EXHIBIT
G

NO. **5023**                                   BOND $ **5000.00**

**THE STATE OF TEXAS VS. ANNE MARIE MITCHELL**

**DATE OF BIRTH: 07-27-1957**

**CHARGE:  Misuse of Official Information**

**DEGREE OF OFFENSE: Third Degree Felony**

**OFFENSE CODE: 73990369**        **STATUTE CITATION: 39.06 PC**

**COURT: 109th Judicial District - Winkler County**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

     THE GRAND JURY, for the County of Winkler, State of Texas, duly elected, impaneled, sworn, charged, and organized as such at the **March Term, A.D., 2009** of the 109th Judicial District Court for said Court, upon their oaths present in and to said court at said term, that, **ANNE MARIE MITCHELL**, hereinafter styled Defendant, on or about April 13, 2009, and before the presentment of this indictment, in the County and State aforesaid, did then and there, as a public servant, namely, Compliance Officer for the Winkler County Hospital, and with intent to harm Dr. Rolando Arafiles, use for a non-governmental purpose information to which the defendant had access because of the defendant's employment, and which information had not been made public, and forwarding such information to another,

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

FILED
at 10:55 O'Clock AM

JUN 1 1 2009

Sherry Terry Winkler Co Dist Clerk
By _____ Deputy

**EXHIBIT
H**

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS   COUNTY OF WINKLER
I hereby certify that the above is a true and correct
copy of the original record on file in my office.
SHERRY TERRY  DISTRICT CLERK  WINKLER CO., TX
Attest June 11 , 20 09
By Phyllis Jackson
DEPUTY

NO. 5024                                    BOND $ 5000.00

**THE STATE OF TEXAS VS. VICKILYN GALLE**

**DATE OF BIRTH: 10-19-1955**

**CHARGE: Misuse of Official Information**

**DEGREE OF OFFENSE: Third Degree Felony**

**OFFENSE CODE: 73990369          STATUTE CITATION: 39.06 PC**

**COURT: 109th Judicial District - Winkler County**

---

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:**

 THE GRAND JURY, for the County of Winkler, State of Texas, duly elected, impaneled, sworn, charged, and organized as such at the **March Term, A.D., 2009** of the 109th Judicial District Court for said Court, upon their oaths present in and to said court at said term, that, **VICKILYN GALLE**, hereinafter styled Defendant, on or about April 13, 2009, and before the presentment of this indictment, in the County and State aforesaid, did then and there, as a public servant, namely, Quality Control/Utilization Review for the Winkler County Hospital, and with intent to harm Dr. Rolando Arafiles, use for a non-governmental purpose information to which the defendant had access because of the defendant's employment, and which information had not been made public, and forwarding such information to another,

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF THE GRAND JURY

FILED
at 10:55 O'Clock   ⊘M

JUN 1 1 2009

Sherry Terry Winkler Co Dist Clerk
By _____ Deputy

**CERTIFIED COPY CERTIFICATE**
STATE OF TEXAS   COUNTY OF WINKLER
I hereby certify that the above is a true and correct
copy of the original record on file in my office.
SHERRY TERRY   DISTRICT CLERK, WINKLER CO., TX
Attest: June 11, 2009
By _____
DEPUTY

EXHIBIT
I



# Texas Medical Board

MAILING ADDRESS: • P.O. Box 2018 • AUSTIN TX 78768-2018
PHONE: (512) 305-7010 • FAX: (512) 305-7008

June 17, 2009

Mr. Mike Fostel,
District Attorney of Winkler County
Mr. Scott Tidwell,
County Attorney of Winkler County
100 East Winkler
Second Floor, Courthouse
Kermit, Texas 79745

Dear Sirs:

As Mr. Tidwell indicated to me by telephone on June 15, 2009, you are aware that the Texas Medical Board ("Board") is statutorily mandated to regulate the practice of medicine. Section 152.001 of the Medical Practice Act ("Act"), Texas Occupations Code, Title 3, Subtitle B. In the exercise of its mandatory statutory duty, the Board has become aware of the Indictments Nos. 5023 and 5024 of two nurses who allege provided information to the Board in connection with an investigation of one of its licensee physicians. The Board has received a copy of the Affidavit for Search & Arrest Warrant No. M09-005, which in part states the following:

> "It is the belief of Affiant, and he hereby charges and accuses, that: Ann M Mitchell or Vickilyn Galle on or about April of 2009 intentionally, and knowingly sent the anonymous letter to the Texas State Medical Board listing complaints against (*name removed for confidentiality purposes*) with the intent (*sic*) harm or defraud against (*name removed for confidentiality purposes*), and with the intent to harass, annoy, alarm, abuse, torment, or embarrass (*name removed for confidentiality purposes*)."

The Board has many concerns about the above charges. First, the Board has in no way confirmed that any such complaint has been sent to our offices by the two people in question. We received no contact from your offices in this matter. Once we learned of the indictments and prosecution of these potential Board witnesses, we contacted you immediately to get information and express the Board's concerns.

Based on what little information we have, it appears that the actions giving rise to the Affidavit and subsequent prosecution of Ms. Galle and Ms. Mitchell were based upon a belief that those individuals were the complainants against the licensee physician in question. We wish to advise you that information provided by an individual to the Board, either as a complaint against a licensee or in conjunction with an investigation by the Board, is information used by the Board



LOCATION ADDRESS: 333 GUADALUPE  TOWER 3  SUITE 610  AUSTIN TX 78701
WEB SITE ADDRESS: www.tmb.state.tx.us

EXHIBIT

J

Mr. Mike Fostel
Mr. Scott Tidwell
June 17, 2009
Page 2 of 4

in its governmental capacity as a state agency. Any such information, if provided, is provided for governmental purposes. Accordingly, the indictment appears to be incorrect in that it asserts that provision of that information was for "a non-governmental purpose." Information provided triggering a complaint or furthering an investigation by the Board is information provided for a governmental purpose—the regulation of the practice of medicine. We should point out that the Nursing Board also has rules and an enabling statute that may require the reporting of physicians who are unable to practice in a manner consistent with public health and welfare.

Under the statutory authority granted to the Board by the Legislature, the Board has a complaint procedure whereby persons may file a complaint against a license holder with the Board. Section 154.051 of the Act. Additionally, any complaint filed with the Board is considered privileged and confidential and is not subject to discovery, subpoena or other means of legal compulsion for release to anyone other than the Board or its employees or agents involved in discipline of a license holder. Section 164.007(c) and (d) of the Act. The indictments and other documents issued in this prosecution have effectively destroyed the legislatively-created confidentiality that a complainant to the Board would have, assuming any complaints were filed by either person.

It is part of the Board's mandate to regulate the practice of medicine in this state. As such, the Legislature has determined that investigators for the Board may be designated as peace officers to enforce the Act. Section 154.057(c). It is our understanding that, as a result of your actions, the nurses who you allege provided information to the Board have been fired from their jobs at the hospital, have been indicted, been required to hire counsel, and each had to pay $5,000 bond. This action undertaken by your office has adversely impacted the Board's investigation by its peace officers in this case. Further, it has potentially created a significant chilling effect on the cooperation of any other hospital personnel who might have been able to provide additional information needed by the Board in the completion of its investigation.

This is of grave concern to the Board in its implications for this case, as well as other cases. The willingness of persons to come forward and file complaints with the Board is critical to the Board's success in regulating the practice of medicine as required by Texas law. Causing persons to fear criminal felony prosecution if they do so undermines the Board's ability to do its job. Such action is clearly against the intent of the Act and the Legislature.

As part of its investigation of the complaint involving the licensee physician in question, a relevant inquiry will be whether that physician engaged in any activity that was designed to intimidate witnesses or complainants. Such activity is a violation of the Act and constitutes unprofessional or dishonorable conduct. If your office is aware of any such evidence, we ask that you make that known to us immediately.

Mr. Mike Fostel
Mr. Scott Tidwell
June 17, 2009
Page 3 of 4

The Board would welcome your sharing of any other information regarding the licensee physician in question; as such evidence may be relevant to the Board's investigation. You may view all public Board Orders pertaining to this licensee physician on the Board's website, http://www.tmb.state.tx.us/. If you would like further information that is confidential on the disciplinary history of this licensee physician, please let us know. We are authorized by statute to assist law enforcement in any criminal complaint under investigation.

As an aside, under federal law, the Texas Medical Board is exempt from the Health Insurance Portability and Accountability Act (HIPPA) requirements; therefore, the provision of medical documentation with patient names on them to the Board is not a violation of HIPPA. The Board also has statutory access to the peer review documents held by a hospital, so releasing any such information would also not be a violation of any laws.

Due to the above listed concerns, I contacted both of you regarding this case to seek reassurance that the prosecution of these two individuals was for reasons other than the alleged provision of information to the Board. Neither of you felt as though you could give me any information concerning this matter. Mr. Fostel related that he would not provide the information to me directly; rather, he would be giving a copy of the entire file on the matter to the defense counsel for the two nurses in question on June 16, 2009, and I could obtain any information that way.

I waited until the end of the day of June 16, 2009, to see this information before sending this letter. Obviously, if there is more to these charges than simply providing information to the Board, the Board does not want to interfere in this matter. However, as of now, no such information has been forthcoming. If the prosecution of potential Board witnesses is due to reasons or information other than these two people allegedly filing a complaint, the Board does not wish to hamper the work of your office in any way. Our typical practice with law enforcement agencies is based on cooperation. In that spirit, I would again ask that you provide information to me that these potential Board witnesses are not being prosecuted solely due to your offices' belief that they filed a complaint or provided other information to the Board.

In summary, the Board's investigation of the licensee physician in question has been significantly compromised by the actions taken by your offices. We are extremely concerned that this indictment solely relates to the allegation that the nurses in question provided information to the Board. If this is the case, the specific protections provided to these individuals as outlined within our Act are being violated. We ask for any reassurance that you can give is that this is not the case and allow the Board to fulfill its obligations under the Act.

Mr. Mike Fostel
Mr. Scott Tidwell
June 17, 2009
Page 4 of 4


Thank you for your attention to this matter, and I look forward to hearing from you at your earliest opportunity.

Sincerely,

Mari Robinson
Executive Director


cc:    Senator Carlos Uresti
       Representative Tryon Lewis
       Tony Gilman, Office of the Governor
       Kathy Thomas, Executive Director, Texas Board of Nursing
       Texas State Department of Health Services
       David Morales, Office of the Attorney General
       John Langley, Office of the Attorney General
       Brian Carney



# MICHAEL L. FOSTEL
### DISTRICT ATTORNEY
### 109TH JUDICIAL DISTRICT

CRANE COUNTY
WINKLER COUNTY

P. O. BOX 1040
KERMIT, TEXAS 79745
AREA CODE 432 - 586 - 6608

July 7, 2009

RE:   Anne Mitchell and Vickilyn Galle

Nurses accept their firing.

Nurses agree to not file any type of civil action against Winkler County Memorial Hospital, Winkler County, Texas, any of its entities or employees.

If suit has already been filed to dismiss same immediately with prejudice.

All charges will be dismissed against nurses with prejudice.

EXHIBIT
K