IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ANNE MITCHELL, and<br>VICKILYN GALLE<br>    Plaintiffs,<br><br>vs.<br><br>WINKLER COUNTY AND<br>THE WINKLER COUNTY MEMORIAL<br>HOSPITAL, STAN WILEY,<br>INDIVIDUALLY, AND IN HIS OFFICIAL<br>CAPACITY AS ADMINISTRATOR OF<br>THE WINKLER COUNTY MEMORIAL<br>HOSPITAL, ROBERT L. ROBERTS, JR.,<br>INDIVIDUALLY, AND AS SHERIFF OF<br>WINKLER COUNTY, TEXAS, ROLANDO<br>G. ARAFILES, JR., INDIVIDUALLY,<br>SCOTT M. TIDWELL, INDIVIDUALLY,<br>AND IN HIS OFFICIAL CAPACITY AS<br>COUNTY ATTORNEY, AND MIKE FOSTEL,<br>INDIVIDUALLY, AND IN HIS OFFICIAL<br>CAPACITY AS DISTRICT ATTORNEY<br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§ | Civil Action No.: P-09-CV-037 |

### DEFENDANT, MIKE FOSTEL, INDIVIDUALLY, AND IN HIS CAPACITY AS DISTRICT ATTORNEY, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Mike Fostel, Individually, and In His Capacity as District Attorney, Defendant in the above styled and numbered cause and files this his original answer in support thereof would respectfully show unto this Honorable Court the following:

    1.    This Defendant admits that plaintiffs have filed a complaint for money damages against this Defendant as set forth in Paragraph 1 of Plaintiffs' Complaint, but deny the balance of the allegations in Paragraph 1 of Plaintiffs' Complaint.

    2.    This Defendant admits the allegations in Paragraph 2 of Plaintiffs' Complaint

regarding the identify of plaintiff Ann Mitchell.

3. This Defendant admits the allegations in Paragraph 3 of Plaintiffs' Complaint regarding the identify of plaintiff Vickilyn Galle.

4. This Defendant admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. This Defendant denies the allegations in Paragraph 5 of Plaintiffs' Complaint as Defendant, Winkler County Memorial Hospital is not a political subdivision and has no independent legal existence whatsoever. It is not a proper party to this suit and is not an entity subject to suit. Winkler County Memorial Hospital is merely an arm or department of Winkler County formed pursuant to V.T.P.C.A. Health and Safety Code Section 263.021. No legislation has been enacted creating a Winkler County Hospital District.

6. This Defendant admits the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. This Defendant admits the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. This Defendant admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. This Defendant admits the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. This Defendant admits the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. This Defendant denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. This Defendant denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. This Defendant denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. This Defendant denies the allegations in Paragraph 14 of Plaintiffs' Complaint.

15. This Defendant admits the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. This Defendant admits the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. This Defendant denies the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. This Defendant denies the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. This Defendant admits the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. This Defendant admits the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. This Defendant denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. This Defendant denies the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. This Defendant denies the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. This Defendant admits the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. This Defendant admits the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. This Defendant denies the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. This Defendant admits the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. This Defendant admits the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. This Defendant admits the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. This Defendant denies the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. This Defendant denies the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. This Defendant denies the allegations in Paragraph 32 of Plaintiffs' Complaint.

Case 4:09-cv-00037-RAJ   Document 18   Filed 09/16/2009   Page 4 of 10

33. This Defendant denies the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. This Defendant denies the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. This Defendant denies the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. This Defendant denies the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. This Defendant denies the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. This Defendant denies the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. This Defendant admits the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. This Defendant denies the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. This Defendant denies the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. This Defendant denies the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. This Defendant denies the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. This Defendant denies the allegations in Paragraph 44 of Plaintiffs' Complaint.

45. This Defendant denies the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. This Defendant denies the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. This Defendant denies the allegations in Paragraph 47 of Plaintiffs' Complaint.

Defendants' Original Answer (P476-43)                                                                                          Page 4

48. This Defendant denies the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. This Defendant denies the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. This Defendant denies the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. This Defendant denies the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. This Defendant denies the allegations in Paragraph 52 of Plaintiffs' Complaint.

53. This Defendant denies the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. This Defendant denies the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. This Defendant denies the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. This Defendant denies the allegations in Paragraph 56 of Plaintiffs' Complaint.

57. This Defendant denies the allegations in Paragraph 57 of Plaintiffs' Complaint.

58. This Defendant denies the allegations in Paragraph 58 of Plaintiffs' Complaint.

59. This Defendant denies the allegations in Paragraph 59 of Plaintiffs' Complaint.

60. This Defendant denies the allegations in Paragraph 60 of Plaintiffs' Complaint.

61. This Defendant denies the allegations in Paragraph 61 of Plaintiffs' Complaint.

62. This Defendant denies the allegations in Paragraph 62 of Plaintiffs' Complaint.

63. This Defendant denies the allegations in Paragraph 63 of Plaintiffs' Complaint.

64. This Defendant denies the allegations in Paragraph 64 of Plaintiffs' Complaint.

65. This Defendant denies the allegations in Paragraph 65 of Plaintiffs' Complaint.

66. This Defendant denies the allegations in Paragraph 66 of Plaintiffs' Complaint.

67. This Defendant denies the allegations in Paragraph 67 of Plaintiffs' Complaint.

68. This Defendant denies the allegations in Paragraph 68 of Plaintiffs' Complaint.

69. This Defendant denies the allegations in Paragraph 69 of Plaintiffs' Complaint.

70. This Defendant denies the allegations in Paragraph 70 of Plaintiffs' Complaint.

71. This Defendant denies the allegations in Paragraph 71 of Plaintiffs' Complaint.

72. This Defendant denies the allegations in Paragraph 72 of Plaintiffs' Complaint.

73. This Defendant denies the allegations in Paragraph 73 of Plaintiffs' Complaint.

74. This Defendant denies the allegations in Paragraph 74 of Plaintiffs' Complaint.

75. This Defendant denies the allegations in Paragraph 75 of Plaintiffs' Complaint.

76. This Defendant denies the allegations in Paragraph 76 of Plaintiffs' Complaint.

77. This Defendant denies the allegations in Paragraph 77 of Plaintiffs' Complaint.

78. This Defendant denies the allegations in Paragraph 78 of Plaintiffs' Complaint.

79. This Defendant denies the allegations in Paragraph 79 of Plaintiffs' Complaint.

80. This Defendant denies the allegations in Paragraph 80 of Plaintiffs' Complaint.

81. This Defendant denies the allegations in Paragraph 81 of Plaintiffs' Complaint.

82. This Defendant denies the allegations in Paragraph 82 of Plaintiffs' Complaint.

83. This Defendant denies the allegations in Paragraph 83 of Plaintiffs' Complaint.

84. This Defendant denies the allegations in Paragraph 84 of Plaintiffs' Complaint.

85. This Defendant denies the allegations in Paragraph 85 of Plaintiffs' Complaint.

86. This Defendant denies the allegations in Paragraph 86 of Plaintiffs' Complaint.

87. This Defendant denies the allegations in Paragraph 87 of Plaintiffs' Complaint.

88. This Defendant denies the allegations in Paragraph 88 of Plaintiffs' Complaint.

89. This Defendant denies the allegations in Paragraph 89 of Plaintiffs' Complaint.

90. This Defendant denies the allegations in Paragraph 90 of Plaintiffs' Complaint.

91. This Defendant denies the allegations in Paragraph 91 of Plaintiffs' Complaint.

92. This Defendant denies the allegations in Paragraph 92 of Plaintiffs' Complaint.

93. This Defendant denies the allegations in Paragraph 93 of Plaintiffs' Complaint.

94. This Defendant denies the allegations in Paragraph 94 of Plaintiffs' Complaint.

95. This Defendant denies the allegations in Paragraph 95 of Plaintiffs' Complaint.

96. This Defendant denies the allegations in Paragraph 96 of Plaintiffs' Complaint.

97. This Defendant denies the allegations in Paragraph 97 of Plaintiffs' Complaint.

98. This Defendant denies the allegations in Paragraph 98 of Plaintiffs' Complaint.

99. This Defendant denies the allegations in Paragraph 99 of Plaintiffs' Complaint.

100. Subject to the foregoing admissions and denials, this Defendant generally denies all the allegations contained in Plaintiffs' Complaint and demands strict proof thereof by a preponderance of the evidence.

101. Subject to the forgoing and without waiving the same and subject to the general denial, Defendant would show the court the following affirmative defenses apply.

## AFFIRMATIVE DEFENSES

102. Plaintiffs have failed to state a claim for which relief may be granted. The actions of this Defendant in his official capacity in the performance of his official functions were conducted in good faith and all actions were lawful and in the complete absence of improper motive. This Defendant assert the defense of immunity, both absolute and qualified, for all allegations alleged in Plaintiffs' Complaint.

103. This Defendant affirmatively pleads that the Plaintiffs' State law claims are barred pursuant to Section 86.002 of the Civil Practices and Remedies Code as Plaintiffs' alleged injuries were sustained during the commission of a felony or misdemeanor for

which they were being investigated.

104. This Defendant affirmative pleads that he should be dismissed from this suit pursuant to Section 101.106 of the Texas Civil Practices and Remedies Code. This Defendant affirmatively pleads that State law claims against him are barred pursuant to Section 101.106. Plaintiffs have made an irrevocable election to proceed only against Winkler County and the individual Defendant should be dismissed.

105. This Defendant affirmatively pleads he is protected by official immunity and prosecutorial immunity as this Defendant was performing discretionary duties in good faith within the scope of his authority at the time the alleged claims arose.

106. This Defendant affirmatively pleads that all of Plaintiffs' State law claims are barred by the immunity of the Texas Tort Claims Act.

108. This Defendant affirmatively pleads that Plaintiffs did not, in good faith, report a violation of law to any appropriate law enforcement authority.

110. This Defendant affirmatively denies that Plaintiffs' First Amendment rights have been violated because the speech subject to this suit does not address a matter of public concern and Plaintiffs' speech was anonymous and concerned only matters of private concern between the plaintiffs and the doctor.

111. Defendant, Mike Fostel, affirmatively denies that he can be held liable pursuant to the Whistle Blowers Statute for retaliation by exercising the statutory duties imposed upon on him by State law. This Defendant had no authority to hire or terminate Plaintiffs and cannot be held liable pursuant to the Texas Whistle Blowers Statute or a retaliation statutes alleged by Plaintiffs.

113. This Defendant Mike Fostel sued in his official capacity specifically denies that he can be held liable for alleged constitutional violations pursuant to 42 U.S.C. § 1983 under the doctrine respondeat superior.

114. This Defendant affirmatively pleads that Plaintiffs did not have any employment contract and Plaintiffs' positions with Winkler County was that of an at will employee. Defendant therefore denies that Plaintiffs had any property or liberty interest in their employment that would entitle them to procedural or substantive of due process.

115. This Defendant affirmatively pleads that Plaintiffs have failed to mitigate their

damages, if any.

116.   This Defendant affirmatively pleads that the decision to terminate the Plaintiffs was based on legitimate non-retaliatory reasons.

117.   This Defendant affirmatively pleads Plaintiffs were public employees and are not entitled to First Amendment protection for speech made pursuant to their official duties.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiffs take nothing by their suit, and that this Defendant be allowed to go hence and recover costs in his behalf expended.

Respectfully submitted,

TIDWELL & TIDWELL, L.L.P.
3800 East 42nd Street, Suite 608
Odessa, Texas 79762
Telephone: (432) 552-0441
Fax: (432) 367-8853

BY:   /s/
JACK Q. TIDWELL
State Bar No. 20020000

ATTORNEYS FOR DEFENDANT
Mike Fostel, Individually and In His Official Capacity as District Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian Carney
The Law Office of Brian Carney
1202 West Texas Avenue
Midland, Texas 79701

/s/
JACK Q. TIDWELL