IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| ANNE MITCHELL, and §<br>VICKILYN GALLE §<br>    Plaintiffs, §<br>§<br>vs. §<br>§<br>WINKLER COUNTY AND §<br>THE WINKLER COUNTY MEMORIAL §<br>HOSPITAL, STAN WILEY, §<br>INDIVIDUALLY, AND IN HIS OFFICIAL §<br>CAPACITY AS ADMINISTRATOR OF §<br>THE WINKLER COUNTY MEMORIAL §<br>HOSPITAL, ROBERT L. ROBERTS, JR., §<br>INDIVIDUALLY, AND AS SHERIFF OF §<br>WINKLER COUNTY, TEXAS, ROLANDO §<br>G. ARAFILES, JR., INDIVIDUALLY, §<br>SCOTT M. TIDWELL, INDIVIDUALLY, §<br>AND IN HIS OFFICIAL CAPACITY AS §<br>COUNTY ATTORNEY, AND MIKE FOSTEL, §<br>INDIVIDUALLY, AND IN HIS OFFICIAL §<br>CAPACITY AS DISTRICT ATTORNEY §<br>    Defendants. § | Civil Action No.: P-09-CV-037 |

**DEFENDANTS, WINKLER COUNTY, WINKLER COUNTY MEMORIAL HOSPITAL, STAN WILEY, ROBERT L. ROBERTS, JR., AND SCOTT TIDWELL,'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Winkler County, Texas, Winkler County Memorial Hospital, Stan Wiley, Sheriff Robert L. Roberts, Jr., and Scott Tidwell, Defendants in the above styled and numbered cause and files this their original answer in support thereof would respectfully show unto this Honorable Court the following:

    1.    These defendants admit that plaintiffs have filed a complaint for money damages against these defendants as set forth in Paragraph 1 of Plaintiffs' Complaint, but deny the balance of the allegations in Paragraph 1 of Plaintiffs' Complaint.

2. These defendants admit the allegations in Paragraph 2 of Plaintiffs' Complaint regarding the identify of plaintiff Ann Mitchell.

3. These defendants admit the allegations in Paragraph 3 of Plaintiffs' Complaint regarding the identify of plaintiff Vickilyn Galle.

4. These Defendants admit the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. These Defendants deny the allegations in Paragraph 5 of Plaintiffs' Complaint as Defendant, Winkler County Memorial Hospital is not a political subdivision and has no independent legal existence whatsoever. It is not a proper party to this suit and is not an entity subject to suit. Winkler County Memorial Hospital is merely an arm or department of Winkler County formed pursuant to V.T.P.C.A. Health and Safety Code Section 263.021. No legislation has been enacted creating a Winkler County Hospital District.

6. These Defendants admit the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. These Defendants admit the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. These Defendants admit the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. These Defendants admit the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. These Defendants admit the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. These Defendants deny the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. These Defendants deny the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. These Defendants deny the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. These Defendants deny the allegations in Paragraph 14 of Plaintiffs'

Complaint.

15. These Defendants admit the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. These Defendants admit the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. These Defendants deny the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. These Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. These Defendants admit the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. These Defendants admit the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. These Defendants deny the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. These Defendants deny the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. These Defendants deny the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. These Defendants admit the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. These Defendants admit the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. These Defendants deny the allegations in Paragraph 26 of Plaintiffs' Complaint.

27. These Defendants admit the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. These Defendants admit the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. These Defendants admit the allegations in Paragraph 29 of Plaintiffs'

Complaint.

30. These Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. These Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. These Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. These Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. These Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. These Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36. These Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. These Defendants deny the allegations in Paragraph 37 of Plaintiffs' Complaint.

38. These Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. These Defendants admit the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. These Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

41. These Defendants deny the allegations in Paragraph 41 of Plaintiffs' Complaint.

42. These Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint.

43. These Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint.

44. These Defendants deny the allegations in Paragraph 44 of Plaintiffs'

Complaint.

45. These Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint.

46. These Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint.

47. These Defendants deny the allegations in Paragraph 47 of Plaintiffs' Complaint.

48. These Defendants deny the allegations in Paragraph 48 of Plaintiffs' Complaint.

49. These Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint.

50. These Defendants deny the allegations in Paragraph 50 of Plaintiffs' Complaint.

51. These Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint.

52. These Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint.

53. These Defendants deny the allegations in Paragraph 53 of Plaintiffs' Complaint.

54. These Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint.

55. These Defendants deny the allegations in Paragraph 55 of Plaintiffs' Complaint.

56. These Defendants deny the allegations in Paragraph 56 of Plaintiffs' Complaint.

57. These Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint.

58. These Defendants deny the allegations in Paragraph 58 of Plaintiffs' Complaint.

59. These Defendants deny the allegations in Paragraph 59 of Plaintiffs'

Complaint.

60. These Defendants deny the allegations in Paragraph 60 of Plaintiffs' Complaint.

61. These Defendants deny the allegations in Paragraph 61 of Plaintiffs' Complaint.

62. These Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint.

63. These Defendants deny the allegations in Paragraph 63 of Plaintiffs' Complaint.

64. These Defendants deny the allegations in Paragraph 64 of Plaintiffs' Complaint.

65. These Defendants deny the allegations in Paragraph 65 of Plaintiffs' Complaint.

66. These Defendants deny the allegations in Paragraph 66 of Plaintiffs' Complaint.

67. These Defendants deny the allegations in Paragraph 67 of Plaintiffs' Complaint.

68. These Defendants deny the allegations in Paragraph 68 of Plaintiffs' Complaint.

69. These Defendants deny the allegations in Paragraph 69 of Plaintiffs' Complaint.

70. These Defendants deny the allegations in Paragraph 70 of Plaintiffs' Complaint.

71. These Defendants deny the allegations in Paragraph 71 of Plaintiffs' Complaint.

72. These Defendants deny the allegations in Paragraph 72 of Plaintiffs' Complaint.

73. These Defendants deny the allegations in Paragraph 73 of Plaintiffs' Complaint.

74. These Defendants deny the allegations in Paragraph 74 of Plaintiffs'

Complaint.

75. These Defendants deny the allegations in Paragraph 75 of Plaintiffs' Complaint.

76. These Defendants deny the allegations in Paragraph 76 of Plaintiffs' Complaint.

77. These Defendants deny the allegations in Paragraph 77 of Plaintiffs' Complaint.

78. These Defendants deny the allegations in Paragraph 78 of Plaintiffs' Complaint.

79. These Defendants deny the allegations in Paragraph 79 of Plaintiffs' Complaint.

80. These Defendants deny the allegations in Paragraph 80 of Plaintiffs' Complaint.

81. These Defendants deny the allegations in Paragraph 81 of Plaintiffs' Complaint.

82. These Defendants deny the allegations in Paragraph 82 of Plaintiffs' Complaint.

83. These Defendants deny the allegations in Paragraph 83 of Plaintiffs' Complaint.

84. These Defendants deny the allegations in Paragraph 84 of Plaintiffs' Complaint.

85. These Defendants deny the allegations in Paragraph 85 of Plaintiffs' Complaint.

86. These Defendants deny the allegations in Paragraph 86 of Plaintiffs' Complaint.

87. These Defendants deny the allegations in Paragraph 87 of Plaintiffs' Complaint.

88. These Defendants deny the allegations in Paragraph 88 of Plaintiffs' Complaint.

89. These Defendants deny the allegations in Paragraph 89 of Plaintiffs'

Complaint.

90. These Defendants deny the allegations in Paragraph 90 of Plaintiffs' Complaint.

91. These Defendants deny the allegations in Paragraph 91 of Plaintiffs' Complaint.

92. These Defendants deny the allegations in Paragraph 92 of Plaintiffs' Complaint.

93. These Defendants deny the allegations in Paragraph 93 of Plaintiffs' Complaint.

94. These Defendants deny the allegations in Paragraph 94 of Plaintiffs' Complaint.

95. These Defendants deny the allegations in Paragraph 95 of Plaintiffs' Complaint.

96. These Defendants deny the allegations in Paragraph 96 of Plaintiffs' Complaint.

97. These Defendants deny the allegations in Paragraph 97 of Plaintiffs' Complaint.

98. These Defendants deny the allegations in Paragraph 98 of Plaintiffs' Complaint.

99. These Defendants deny the allegations in Paragraph 99 of Plaintiffs' Complaint.

100. Subject to the foregoing admissions and denials, these Defendants generally deny all the allegations contained in Plaintiffs' Complaint and demands strict proof thereof by a preponderance of the evidence.

101. Subject to the forgoing and without waiving the same and subject to the general denial, Defendants would show the court the following affirmative defenses apply.

## **AFFIRMATIVE DEFENSES**

102. Plaintiffs have failed to state a claim for which relief may be granted. The actions of Defendants in their official capacity in the performance of their official functions were conducted in good faith and all actions were lawful and in the complete absence of

improper motive. These Defendants assert the defense of immunity, both absolute and qualified, for all allegations alleged in Plaintiffs' Complaint.

103. These Defendants affirmative plead that the Plaintiffs' State law claims are barred pursuant to Section 86.002 of the Civil Practices and Remedies Code as Plaintiffs' alleged injuries were sustained during the commission of a felony or misdemeanor for which they were being investigated.

104. These Defendants affirmative plead that they should be dismissed from this suit pursuant to Section 101.106 of the Texas Civil Practices and Remedies Code. These Defendants affirmatively plead that State law claims against them are barred pursuant to Section 101.106. Plaintiffs have made an irrevocable election to proceed only against Winkler County and the individual Defendants should be dismissed.

105. These Defendants affirmatively plead they are protected by official immunity and prosecutorial immunity as these Defendants were performing discretionary duties in good faith within the scope of their authority at the time the alleged claims arose.

106. These Defendants affirmatively plead that all of Plaintiffs' State law claims are barred by the immunity of the Texas Tort Claims Act.

107. Defendant Winkler County affirmative pleads that it is entitled to sovereign immunity from the claims alleged by the Plaintiffs.

108. These Defendants affirmatively plead that Plaintiffs did not, in good faith, report a violation of law to any appropriate law enforcement authority.

109. Defendant Winkler County affirmatively pleads the Plaintiffs alleged damages are subject to the caps as set forth in the Texas Government Code and that Plaintiffs are not entitled to exemplary damages against this Defendant.

110. These Defendants affirmatively deny that Plaintiffs' First Amendment rights have been violated because the speech subject to this suit does not address a matter of public concern and Plaintiffs' speech was anonymous and concerned only matters of private concern between the plaintiffs and the doctor.

111. Defendants Robert Roberts and Scott Tidwell affirmatively deny that they can be held liable pursuant to the Whistle Blowers Statute for retaliation by exercising the statutory duties imposed upon on them by State law. These Defendants had no authority

to hire or terminate Plaintiffs and cannot be held liable pursuant to the Texas Whistle Blowers Statute or a retaliation statutes alleged by Plaintiffs.

112. Defendant Winkler County specifically denies that it had any official policy or custom that denied to plaintiffs any constitutional rights in violation of 42 U.S.C. § 1983. Defendant Winkler County further denies that it deprived plaintiffs of any Federal right pursuant to an official policy or custom, as required by law in order for plaintiffs to be entitled to recover against it. Defendant Winkler County further denies that it implemented any policy or made any decision or established any custom whatsoever to deny plaintiffs any constitutionally or statutorily protected rights.

113. Defendant Winkler County and all defendants sued in their official capacity specifically deny that they can be held liable for alleged constitutional violations pursuant to 42 U.S.C. § 1983 under the doctrine respondeat superior.

114. These Defendants affirmatively plead that Plaintiffs did not have any employment contract and Plaintiffs' positions with Winkler County was that of an at will employee. Defendants therefore deny that Plaintiffs had any property or liberty interest in their employment that would entitle them to procedural or substantive of due process.

115. These Defendants affirmatively plead that Plaintiffs have failed to mitigate their damages, if any.

116. These Defendants affirmatively plead that the decision to terminate the Plaintiffs was based on legitimate non-retaliatory reasons.

117. These Defendants affirmatively plead Plaintiffs were public employees and are not entitled to First Amendment protection for speech made pursuant to their official duties.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing hereof, that Plaintiffs take nothing by their suit, and that these Defendants be allowed to go hence and recover costs in their behalf expended.

Respectfully submitted,

RUSH, KELLY, MORGAN, DENNIS,
CORZINE & HANSEN, P.C.
P.O. Box 1311

Odessa, Texas  79760-1311
(432) 367-7271
(432) 363-9121 (FAX)


By: /s/ Denis Dennis
DENIS DENNIS
State Bar No. 05655566

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian Carney
The Law Office of Brian Carney
1202 West Texas Avenue
Midland, Texas 79701

/s/ Denis Dennis
DENIS DENNIS