IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ANNE MITCHELL and<br>VICKILYN GALLE,<br>    Plaintiffs<br><br>VS.<br><br>WINKLER COUNTY and<br>THE WINKLER COUNTY MEMORIAL<br>HOSPITAL, STAN WILEY,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS<br>ADMINISTRATOR OF THE WINKLER<br>COUNTY MEMORIAL HOSPITAL,<br>ROBERT L. ROBERTS, JR.,<br>INDIVIDUALLY AND AS SHERIFF<br>OF WINKLER COUNTY, TEXAS,<br>ROLANDO G. ARAFILES, JR.,<br>INDIVIDUALLY,<br>SCOTT M. TIDWELL, INDIVIDUALLY<br>AND IN HIS OFFICIAL CAPACITY AS<br>COUNTY ATTORNEY, and<br>MIKE FOSTEL, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY AS<br>DISTRICT ATTORNEY,<br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. P-09-CV-037 |

### ROLANDO G. ARAFILES, JR.'S MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

TO THE HONORABLE COURT:

    DR. ROLANDO G. ARAFILES, JR. (hereinafter "Arafiles"), Defendant, moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

## Introduction

1. Any defendant to a complaint, counterclaim, or cross claim may move to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. F.R.C.P. 12(b)(6). The pleading must at least set forth sufficient information for the court to determine whether or not some recognized legal theory exists on which relief could be accorded the pleader. If the pleader fails to do so, a motion under Rule 12(b)(6) will be granted. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Campbell v. San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (conclusory allegations will not suffice). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

## Plaintiffs' Pleadings

2. The thrust of Plaintiffs' complaint is they allege the Winkler County Memorial Hospital wrongfully terminated their employment in retaliation for their reporting to the Texas Medical Board. There is no claim Arafiles was their employer. Secondly, the Plaintiffs claim they are being vindictively prosecuted by the Winkler County District Attorney for the same report. There is no claim Arafiles is a prosecutor or affiliated with the prosecutor.

3. As to Arafiles, the Plaintiffs allege that he is a physician hired and employed by Winkler County Memorial Hospital. There is no allegation that Arafiles had the authority to hire or terminate the Plaintiffs' employment nor is there any allegation that he terminated or participated in the termination of their employment. The complaint is replete with conclusory allegations that the "Defendants" all interfered with Plaintiffs' employment, the "Defendants" all interfered and

conspired to deter and intimidate Plaintiff, etc. No factual basis is recited for what specific acts any individual Defendant did to support the alleged interference or the alleged conspiracy.

**Grounds for Motion**

4.   The grounds for the motion are that, even if the allegations in Plaintiffs' Complaint are true, which this Defendant denies, this action fails to state a claim upon which relief may be granted against Defendant Arafiles as to any of the claims asserted by the Plaintiffs.

**Plaintiffs' First Amendment Claim (1983)**

5.   Plaintiffs' first amendment claim against Arafiles fails to state a claim upon which relief may be granted. Plaintiffs purport to assert a claim under 42 U.S.C.A. §1983 alleging the Defendant violated Plaintiffs' first amendment rights. A 1983 claim requires pleading and proof that the Defendant has deprived him of a right secured by the constitution and the Defendant deprived him of his constitutional right under color of law. *Adikes v. H.S.H. Cress & Co.*, 398 U.S. 144, 150 (1970). Here there is no allegation made that Arafiles was acting under color of state law or any allegation that Arafiles deprived the Plaintiffs' of their first amendment rights. There is no allegation as to how Arafiles, as an alleged employee of the hospital, could act under color of law. In order to state a claim under 1983, the complainant must allege facts showing the conduct complained of was committed by one acting under state law and that the conduct deprived the complainant of constitutional rights. *Burgess v. City of Houston*, 718 F.2d 151 (5th Cir. 1983). A private citizen, not acting under color of law, may not be sued for violations of 1983.

6.   There is no allegation Arafiles could in any way act on behalf of the hospital. In fact, the Plaintiffs allege that Winkler County is liable to the Plaintiffs because it terminated their employment in retaliation for their alleged exercise of first amendment rights. Dr. Arafiles, as an

alleged employee of the hospital, does not have any authority to terminate or hire the Plaintiffs, nor have the Plaintiffs alleged that he had that authority. The Plaintiffs alleged no facts as to how Arafiles had any direct liability for Plaintiffs' first amendment claims.

**Plaintiffs' Vindictive Prosecution Claim**

7.      Plaintiffs' vindictive prosecution claim against Arafiles fails to state a claim upon which relief may be granted. The complaint does not allege that Arafiles acted under the authority vested him by the State of Texas. In fact, there is no allegation that Arafiles occupied any official capacity whatsoever, but merely Plaintiffs allege that he is an employee of Winkler County Hospital. While Dr. Arafiles denies that he is an employee of the hospital, but rather an independent contractor, the complaint fails to allege a claim as to how Dr. Arafiles acted under color of law and/or fails to allege how Dr. Arafiles had authority vested in him by the State of Texas.

**Plaintiffs' Conspiracy Claim (1985)**

8.      Plaintiffs' 1985 conspiracy claim against Arafiles likewise fails to state a claim upon which relief may be granted. As set forth above, conclusory allegations will not survive a 12(b)(6) motion to dismiss. Here, the Plaintiffs have alleged that the "Defendants" all interfered with and conspired to deter and intimidate the Plaintiffs from filing a civil lawsuit. Due to the fact the court can take judicial notice that the Plaintiffs have in fact filed a civil lawsuit, this alleged conspiracy pleading is meaningless. In addition, there are no factual allegations as to how any of the Defendants conspired, what acts each did in furtherance of the conspiracy, or any other factual matter sufficient for Arafiles to respond.

### Plaintiffs' Texas Whistleblower Claim

9.  Plaintiffs' Texas whistleblower claim fails to state a claim upon which relief may be granted.

10. For Plaintiffs to prevail on a whistleblower claim, the Plaintiffs must allege that the employee is a public employee, the employee acted in good faith in making a report, the report involved a violation of law by the agency or a public employee, the report was made to an appropriate law enforcement authority, and the employing governmental entity took an adverse personal action against the employee because of their report. Texas Government Code §554.002(a). The term "public employee" does not include an independent contractor. Id. at §554.001(4). While Plaintiffs allege Arafiles was an employee of the hospital, he was actually an independent contractor.

11. Regardless, the Plaintiffs fail to allege any facts to support how Arafiles may be held under the Texas Whistleblower Act. In fact, the Plaintiffs' complaint specifically alleges that Winkler County and the Winkler County Memorial Hospital terminated their employment, not Arafiles. The pleading makes no allegation that Arafiles terminated the Plaintiffs' employment or any allegations as to any authority of Arafiles to terminate the Plaintiffs' employment. The pleading makes no allegation that Arafiles is a governmental entity or that he had authority to act for a governmental entity.

### Plaintiffs' Claims Under the Occupational Code, Health and Safety Code, and Administrative Code

12. Plaintiffs assert various claims under the Texas Occupations Code, Health and Safety Code and Texas Administrative Code. It does not appear from Plaintiffs' pleadings that they have alleged Arafiles violated the occupations code, health and safety code, or Texas

Administrative Code. Each of these statutes concern whistleblower protection specifically referable to nurses and physicians reporting alleged violations of healthcare practices.

13. Regardless, any effort by Plaintiffs to assert a claim against Arafiles under those codes fails to state a claim upon which relief can be granted because the Plaintiffs do not allege that Arafiles terminated their employment, nor could the Plaintiffs, because the Plaintiffs were not employed by Arafiles nor did Arafiles have the authority to hire or terminate their employment, nor is it alleged that he did. In addition, each of the codes relied upon by the Plaintiffs has as a prerequisite to a cause of action that the Plaintiffs show that the defendant suspends or terminates the employment of the person or otherwise disciplines or discriminates or retaliates against the employee. The Plaintiffs have made no allegation how Arafiles suspended or terminated their employment or otherwise disciplined or discriminated or retaliated against the employees sufficient to sustain a cause of action under any of the codes relied upon by the Plaintiffs.

**Plaintiffs' Tortuous Interference Claim**

14. Finally, Plaintiffs tortuous interference with business claim against Arafiles fails to state a claim upon which relief may be granted. With regard to this claim, the Plaintiffs must show that Arafiles willfully and intentionally interfered with their contract and that the interference proximately caused the Plaintiffs' injuries. *Butnaru v. Ford Motor Company*, 84 S.W.3d 198, 207 (Tex. 2002). Plaintiffs allege that Arafiles interfered with their employment by reporting the Plaintiffs to the sheriff knowing that such report would affect Plaintiffs' employment. Plaintiffs fail to allege how any report to a sheriff could affect the Plaintiffs' employment with Winkler County Memorial Hospital. Plaintiffs have failed to allege as to how this report constituted interference or was willful. Plaintiffs failed to allege how the alleged report to the sheriff proximately caused their employment to be terminated. Dismissal is proper if the complaint

lacks an allegation regarding a required element of the claim. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

15. In addition, Arafiles is entitled to absolute immunity through any report he made to a law enforcement agency. The doctrine of quasi-judicial immunity has been firmly established in Texas for well over one hundred (100) years. The privilege applies to any communication related to both proposed and existing judicial and quasi-judicial proceedings. *Perdue, Brackett, Flores, Utt & Burns v. Linebarger, Goggan, Blair, Sampson & Meeks*, 291 S.W.3d 448 (Tex.App.—Ft. Worth, 2009). If plaintiff bases his claim on a report to a law enforcement agency, such claim fails as a matter of law.

WHEREFORE, Arafiles requests that the Court set this matter down for hearing and grant his motion to dismiss for failure to state a claim upon which relief may be granted, and for such other and further relief to which Arafiles may be entitled.

                                      Respectfully submitted,

                                      SHAFER, DAVIS, O'LEARY & STOKER
                                      P.O. Drawer 1552
                                      Odessa, Texas 79760-1552
                                      (432) 332-0893
                                      (432) 333-5002 (fax)

                                      _____
                                      JAMES W. ESSMAN
                                      State Bar No. 00788771

                                      ATTORNEYS FOR DEFENDANT,
                                      ROLANDO G. ARAFILES, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian Carney
The Law Office of Brian Carney
1202 W. Texas Avenue
Midland, TX  79701

Denis Dennis
Rush, Kelly, Morgan, Dennis,
   Corzine & Hansen
P. O. Box 1311
Odessa, TX  79760-1311

Jon Mark Hogg
Jackson Walker, L.L.P.
301 W. Beauregard Ave., Suite 200
San Angelo, TX  76903-1588

_____
JAMES W. ESSMAN