**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **ANNE MITCHELL, and** | § | |
| **VICKILYN   GALLE** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. P-09-CV-037** |
| **vs.** | § | |
| | § | |
| **WINKLER COUNTY AND** | § | |
| **STAN WILEY,** | § | |
| **INDIVIDUALLY, AND IN HIS** | § | |
| **OFFICIAL CAPACITY AS** | § | |
| **ADMINISTRATOR OF THE WINKLER** | § | |
| **COUNTY MEMORIAL HOSPITAL ,** | § | |
| **ROBERT L. ROBERTS JR.,** | § | |
| **INDIVIDUALLY, AS AS SHERIFF,** | § | |
| **OF WINKLER COUNTY, TEXAS,** | § | |
| **ROLANDO G. ARAFILES JR,** | § | |
| **INDIVIDUALLY,** | § | |
| **SCOTT M. TIDWELL, INDIVIDUALLY,** | § | |
| **AND IN HIS OFFICIAL CAPACITY AS** | § | |
| **COUNTY ATTORNEY, AND** | § | |
| **MIKE FOSTEL, INDIVIDUALLY, AND** | § | |
| **IN HIS OFFICIAL CAPACITY AS** | § | |
| **DISTRICT ATTORNEY** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

---

**PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

---

## <u>INTRODUCTION</u>

1.      Plaintiffs, ANNE MITCHELL and VICKILYN GALLE, through undersigned

counsel, bring this civil action against their former employer, Defendant WINKLER COUNTY,

and Defendant STAN WILEY (individually and in his official capacity as Administrator of

Winkler County Memorial Hospital); Plaintiffs also bring this civil action against Defendant

ROBERT L. ROBERTS, JR. Sheriff of Winkler County(individually and in his official capacity

as Sheriff of Winkler County), DR. ROLANDO ARAFILES, JR. (individually, and in his official capacity the Winkler County Health Officer/Local Health Authority) as well as SCOTT M.TIDWELL (individually and in his official capacity as County Attorney of Winkler County) and against Mike Fostel (individually and in his official capacity of District Attorney of Winker County). (collectively, "Defendants").   As described more fully below, Defendants violated Plaintiff ANNE MITCHELL'S and VICKILYN GALLE'S constitutional right to free speech, and due process, and have conspired to intimidate and threaten the Plaintiffs' from filing any civil action as well as being liable for malicious prosecution, and committing abuse of process. Additionally, the Defendant Winkler County violated the Texas Whistleblower Statute. Defendant Arafiles interfered with the Plaintiffs' business relationship and at will employment.

**PARTIES**

2.      Plaintiff, ANNE MITCHELL, is an individual and a citizen of both the State of New Mexico and the United States of America.  She resides, and is domiciled, in Lea County, New Mexico.  Her present address is P.O. Box 748, Jal, New Mexico, 88252.  She was a public employee and worked for Defendant WINKLER COUNTY and Defendant STAN WILEY (in his official capacity as Hospital Administrator).

3.      Plaintiff, VICKILYN GALLE, is an individual and citizen of both the State of New Mexico, and the United States of America.  Her present address is P.O. Box 337, Jal, New Mexico, 88252.  She resides, and is domiciled, in Lea County, New Mexico.  She was a public employee and worked for Defendant WINKLER COUNTY and Defendant STAN WILEY (in his official capacity as Hospital Administrator).

4.      Defendant WINKLER COUNTY is a governmental entity doing business in both the State of Texas and the United States of America.   Defendant WINKLER COUNTY

maintains its principal place of business at 112 S. Poplar Street, Kermit, 79745, and is a County Government domiciled in Winkler County, Texas.  The County owns and runs WINKLER COUNTY MEMORIAL HOSPITAL and such is the proper defendant.  The County may be served by serving Hon. Bonnie Leck, Winkler County Judge, 112 S. Poplar Street, Kermit, Texas 79745.  The County has been served with the original petition and does not oppose this amended filing.

5.      Defendant STAN WILEY is an individual and a citizen of both the State of Texas and the United States of America.  He is currently the administrator of the WINKLER COUNTY MEMORIAL HOSPITAL and may be served at his place of business at 821 Jeffee Drive, Kermit, Texas 79745.  He is domiciled in Winkler County, Texas.  Mr. Wiley has been served with the original complaint and his counsel, John Mark Hogg is does not oppose this filing.

6.      Defendant ROLANDO G. ARAFILES JR. MD is an individual and a citizen of both the State of Texas and the United States of America.  He is currently a physician employed by the WINKLER COUNTY MEMORIAL HOSPITAL.  He was at all times relevant to this case also the LOCAL HEALTH AUTHORITY/WINKLER COUNTY HEALTH OFFICER.  Dr. Arafiles may be served at his place of business at 821 Jeffee Drive, Kermit, Texas 79745.  He is domiciled in Winkler County, Texas. Dr. Arafiles has previously been served with a copy of the original complaint and his attorney, Jimmy Essman does not oppose this filing.

7.      Defendant ROBERT L. ROBERTS JR. is an individual and a citizen of both the State of Texas and the United States of America.  He is currently the Sheriff of Winkler County and may be served at his place of business at the Winkler County Sheriff's Office, 1300 Bellaire Road, Kermit, Texas 79745.  He is domiciled in Winkler County, Texas.  Sheriff Roberts has

previously been served with a copy of the original petition and his attorney, Denis Dennis does not oppose this amended filing.

8.      Defendant SCOTT M. TIDWELL is an individual and a citizen of both the State of Texas and the United States of America.  He is currently the Winkler County attorney and may be served at his place of business at the Winkler County Courthouse, 112 S. Poplar Street, Kermit, Texas 79745.  He is domiciled in Winkler County, Texas.  Mr. Tidwell was previously served with the original complaint and his attorney, Denis Dennis, does not oppose this amended filing.

9.      Defendant MIKE FOSTEL is an individual and a citizen of both the State of Texas and the United States of America.  He is currently the District Attorney for 109th Judicial District which includes Winkler County, Texas and may be served at his place of business at the Winkler County Courthouse, 112 S. Poplar Street, Kermit, Texas 79745.  He is domiciled in Winkler County, Texas.  Mr. Fostel was previously served with the original complaint and his attorney, Denis Dennis, does not oppose this amended filing.

## PERSONAL JURISDICTION

10.      Defendants have systemic and continuous contacts with the State of Texas. Further, Defendants have purposefully directed their activities at plaintiffs, residents of the State of New Mexico, and this civil action results from damages that arise out of or relate to those activities.  Therefore, this Court has "general jurisdiction" over Defendants for all matters in which they are a party and "specific jurisdiction" over Defendants for the claims raised in this civil action.  In sum, this Court has personal jurisdiction over the parties in this civil action.

## SUBJECT MATTER JURISDICTION

11.     In this civil action, Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, are suing Defendant WINKLER COUNTY, Defendant STAN WILEY (in his individual capacity and his official capacity as Administrator), Defendant ROBERT L.ROBERTS JR. (in his individual capacity and his official capacity as Sheriff), Defendant ROLANDO G. ARAFILES JR., MD (in his individual capacity and as the Winkler County Health Officer),  Defendant SCOTT M. TIDWELL, (in his individual capacity and in his official capacity as County Attorney), Defendant MIKE FOSTEL (in his individual capacity and his official capacity as District Attorney), under federal law—Section 1983 and 1985 of Title 42 of the United States Code, and for violating the Plaintiff's rights guaranteed them by the First and Fourteenth Amendments to the United States Constitution.  To the extent this civil action arises under federal law, this Court has subject matter jurisdiction pursuant to Section 1331 of Title 28 of the United States Code (federal question jurisdiction).

12.     Additionally, the Court has jurisdiction over both the federal claims and the state law claims to be asserted by Plaintiffs under 28 U.S.C. § 1332 (a)(1) because the plaintiffs are and the defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.  Plaintiffs Mitchell and Galle are both citizens of Jal, New Mexico and all defendants are citizens of the State of Texas.

## VENUE

13.     The Court has federal question jurisdiction over this action for violation of the 1983 and 1985 of Title 42 of the United States Code, 42 U.S.C. § 1983 as well as diversity jurisdiction because the plaintiffs are citizens of New Mexico and the defendants are all citizens

of Texas.  Venue is proper in the U.S. District Court for the Western District of Texas, Pecos Division because the unlawful practices alleged below were committed therein.

## FACTUAL BACKGROUND

14.   Plaintiff, ANN MITCHELL, first began working for Defendant WINKLER COUNTY as a registered nurse in 1986.  Over time she was promoted to be the hospital's Compliance Officer, and also worked as Utilization Management backup and Co-Medical Staff Coordinator with Ms. Galle. Ms. Mitchell held these positions with the hospital at the time of her termination and was and is a licensed Texas registered nurse.

15.   Plaintiff VICKILYN GALLE, was first employed by Defendant WINKLER COUNTY as a registered nurse in 1987.  She became a full time employee in 1994.  Ms. Galle was in charge of Quality Improvement, and Utilization Management and was also the Co-Medical Staff Coordinator at WINKLER COUNTY MEMORIAL HOSPITAL.  Ms. Galle held these positions with the hospital at the time of her termination, and was and is a licensed Texas registered nurse.

16.   At the time of Nurse Galle's termination she was earning approximately $45,000 not including benefits.

17.   Throughout their employment with Defendant WINKLER COUNTY, at WINKLER COUNTY MEMORIAL HOSPITAL, their work was satisfactory (if not more than satisfactory).

18.   Plaintiffs ANN MITCHELL AND VICKILYN GALLE didn't receive any negative evaluations or reprimands.

19.   ANN MITCHELL'S responsibilities at WINKLER COUNTY MEMORIAL HOSPITAL were the credentialing of all physicians, completing all medicare and medicaid applications for all active and consulting staff members, reviewing all patient transfers, and

**FIRST AMENDED COMPLAINT  -- Page 6**

reviewing patient quality issues including performing billing audits. She also backed up Ms. Galle for utilization management, and received, and reviewed reports annually from each hospital department to ensure that each department was in compliance with their respective regulatory agency.

20.     VICKILYN GALLE'S responsibilities at WINKLER COUNTY MEMORIAL HOSPITAL  were making sure patients met criteria for admittance, following patients while admitted in the hospital, and reviewing patient charts and conditions to ensure compliance with State and Federal regulations.  Ms. Galle also was in charge of monitoring and improving patient safety and quality issues.  She would prepare the medical staff minutes and coordinate medical staff agenda and meetings.

21.     Defendant WINKLER COUNTY impliedly represented that during the course of Plaintiffs' employment, Defendants would act in good faith and would fairly deal with Plaintiffs.

22.     Defendant ROLANDO G. ARAFILES JR. MD, is a physician hired and employed by WINKLER COUNTY MEMORIAL HOSPITAL in April 2008.  At the time Dr. Arafiles was hired, he was subject to an order entered in April 2007 by the Texas Medical Board restricting Dr. Arafiles for three years from supervising or delegating prescriptive authority to a physician assistant or advance practice nurse or to supervise a surgical assistant.

23.     In 2009 Dr. Arafiles was the Local Health Authority/Health Officer for Winkler County.

24.     Prior to April of 2009 concerns regarding Dr. Arafiles' performance of medical procedures and the standard of care toward patients were voiced by two other physicians, and staff members.  These concerns were presented to the Board of Control of WINKLER COUNTY MEMORIAL HOSPITAL.  No action was taken by the Board of Control against Dr. Arafiles.

25.     WINKLER COUNTY MEMORIAL HOSPITAL had a policy which prohibited a report to a state agency without the report first being made to the Hospital Board.

26.     On April 7, 2009, Plaintiff, ANN MITCHELL, AND VICKILYN GALLE, after speaking with representatives of the Texas Medical Board, made an anonymous confidential complaint to the Texas Medical Board complaining among other things, about Dr. Arafiles' practice being inconsistent with public health and welfare - quality of care, and the use of a non-therapeutic treatment or prescriptions.  A copy of the confidential complaint is attached as Exhibit "A" and incorporated herein.

27.     ANN MITCHELL AND VICKILYN GALLE as registered nurses had a duty both ethically and legally to report to the appropriate licensing board a licensed health care practitioner that they had reasonable cause to believe had exposed a patient to substantial risk of harm.

28.     The Texas Medical Board has law enforcement authority.

29.     The anonymous complaint sent to the Texas Medical Board by plaintiffs, ANN MITCHELL AND VICKILYN GALLE related to five (5) patients and did not contain any legally protected patient medical information.

30.     Defendant ROLANDO ARAFILES JR., received a letter from the Texas Medical Board dated April 15, 2009 advising him that a complaint had been filed against him with the Texas Medical Board.  The letter included the names of ten (10) patients that related to the complaint allegations.  A true and correct copy of the letter from the Texas Medical Board to Dr. Arafiles is attached as Exhibit "B" and incorporated herein.

31.     The letter from the Texas Medical Board to Dr. Arafiles advised that the Texas Medical Board is HIPPA exempt; protected health information can be legally provided to the Texas Medical Board without patient consent.

32.     On April 27, 2009, Defendant ARAFILES gave a copy of the letter he received from the Texas Medical Board to Defendant, ROBERT L. ROBERTS, JR., sheriff of Winkler County.


33.     Defendant ARAFILES provided Defendant ROBERTS with copies of the patients' names, addresses, and dates of birth from the hospital files.

34.     Defendant ARAFILES was Defendant ROBERTS physician and Defendant ROBERTS and Defendant ARAFILES were business associates in the herbal remedy business.

35.     Defendant ROBERTS was a spokesperson for the herbal remedies.

36.     Defendant ROBERTS began an investigation by personally contacting each patient listed in the letter from the Texas Medical Board; the patients all lived either in Kermit, Texas or Jal, New Mexico.

37.     Defendant ROBERTS represented that he was doing an investigation for the Texas Medical Board.

38.     None of the patients questioned by Defendant ROBERTS were the authors of the complaint to the Texas Medical Board.

39.     On May 8, 2009 Mari Robinson the Executive Director of the Texas Medical Board received a letter from Defendant ROBERTS on Sheriff's department letterhead representing that Defendant ROBERTS was conducting a criminal investigation for the offenses of Misuse of Official Information (PC 39.06) and Harassment (PC 42.07) in the case of the

complaint filed with the Texas Medical Board regarding Dr. Rolando G. Arafiles Jr.  A copy of this letter is attached as Exhibit "C" and incorporated herein.

40.     On May 18, 2009 Defendant ROBERTS received a cover letter from the Texas Medical Board with a copy of the actual complaint (attached at Exhibit "A").  The cover letter from the Texas Medical Board dated May 11, 2009 informed Defendant ROBERTS not only that the Texas Occupations Code makes the complaint letter confidential, but that the Texas Medical Board's understanding was that ROBERTS was investigating a license holder of the Texas Medical Board.  A copy of the letter from the Texas Medical Board to defendant ROBERTS is attached at Exhibit "D" and incorporated herein.

41.     After Defendant ROBERTS received this letter he never advised the Texas Medical Board that he was indeed **not** investigating a license holder of the Texas Medical Board.

42.     Defendant ROBERTS knew Galle and Mitchell had a duty as registered nurses to report issues of patient safety to the licensing authority.

43.     Defendant ROBERTS learned from the confidential letter (Exhibit "A") that the complainant(s) were female registered nurses over 50 years of age and employed by the WINKLER COUNTY MEMORIAL HOSPITAL since the 1980s.

44.     The confidential complaint letter (Exhibit "A") allowed Defendant ROBERTS to determine that only Plaintiffs, MITCHELL AND GALLE met the description of the writers of the complaint sent to the Texas Medical Board; this letter allowed him to narrow his search.

45.     During the course of the investigation being conducted by Defendant ROBERTS, at Dr. Arafiles behest, Defendant TIDWELL was advised of the progress of the investigation.

46.     On May 19, 2009 Defendant ROBERTS, his deputy, and Defendant TIDWELL met and decided that a search warrant should be obtained for the computers used by plaintiffs

MITCHELL AND GALLE. A copy of the affidavit for search warrant issued for the computers is attached at Exhibit "E" and incorporated herein.

47.     Defendant TIDWELL assisted in the drafting of the search warrant.

48.     Defendant TIDWELL knew at the time the search warrant was drafted that the complaint to the Texas Medical Board was absolutely confidential and privileged.

49.     A letter was seized from the hard drive of the computer used by Plaintiff MITCHELL.   The computer was located at the Winkler County community center where plaintiff MITCHELL worked her second job as the emergency management coordinator.

50.     The letter seized from the computer was compared to the confidential complaint and it matched the confidential complaint.

51.     Defendant TIDWELL was not sworn in as a special prosecutor for the case of the State of Texas v. Anne Mitchell or the case of the State of Texas vs. Vickilyn Galle.

52.     Defendant TIDWELL was acting as legal counsel to Winkler County in April, May and June of 2009.

53.     Defendant TIDWELL was acting as Dr. Rolando Arafiles' private counsel in April, May and June of 2009.

54.     Defendant TIDWELL knew in June of 2009 that Galle and Mitchell had a duty as registered nurses to report issues of patient safety to the licensing authority.

55.     On May 27, 2009 Defendant ROBERTS met with Plaintiffs MITCHELL AND GALLE.   Defendant ROBERTS learned that both plaintiffs composed and sent a letter of complaint to the Texas Medical Board.

56.     At the May 27, 2009 meeting with Defendant ROBERT L. ROBERTS JR., Plaintiffs, ANN MITCHELL AND VICKILYN GALLE reported to him, as an appropriate law

enforcement agency, what they believed in good faith to be violations of State and Federal law alleged to have been committed by WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL. A copy of the letter given to Sheriff Roberts reporting the alleged health care fraud is attached as Exhibit "F" and incorporated herein.

57.     On June 1, 2009 after all Defendants knew Plaintiffs had reported Dr. Arafiles to the Texas Medical Board, and after Plaintiffs had reported health care fraud alleged to be have been committed by their employer WINKLER COUNTY and WINKLER COUNTY MEMORIAL HOSPITAL, ANN MITCHELL AND VICKILYN GALLE were terminated from their employment with WINKLER COUNTY by Defendant STAN WILEY.

58.     At the time that Defendant STAN WILEY terminated the Plaintiffs, as registered nurses, he knew the Plaintiffs had done what the law allowed - report issues of patient safety to the licensing authority.

59.     Defendant WILEY was advised by defendant TIDWELL that the plaintiffs had reported issues of patient safety to the Texas Medical Board.

60.     Defendant WILEY admitted under oath that he fired Anne Mitchell in part for making their report to the Texas Medical Board.

61.     Plaintiffs, ANN MITCHELL AND VICKILYN GALLE were terminated from their employment within ninety (90) days of reporting alleged violations of law against WINKLER COUNTY and WINKLER COUNTY MEMORIAL HOSPITAL to Sheriff Roberts.

62.     Plaintiffs, ANN MITCHELL AND VICKILYN GALLE were terminated from their employment within ninety (90) days of reporting alleged violations of law against ROLANDO G.ARAFILES JR. to the Texas Medical Board.

63.     Plaintiffs, ANN MITCHELL AND VICKILYN GALLE duties at WINKLER COUNTY were administrative and ministerial.

64.     Plaintiffs served as non-policy-making and non-confidential employee until their termination.

65.     Plaintiffs were not discharged because of unsatisfactory job performance.

66.     Prior to being discharged, and after their discharge, Plaintiffs were not afforded an opportunity to be heard to contest their discharge.  Plaintiffs were not afforded a hearing before an impartial tribunal in which to contest or challenge their discharge.  Plaintiffs were not afforded any notice of hearing to contest her discharge, any opportunity to confront and cross-examine their accusers and witnesses against them, any opportunity to present evidence in their own behalf to contest their discharge, any identification or specification of any charges against them, any written findings of fact based on substantial evidence relating to their discharge, any specific grounds for their discharge, or any written statement setting forth the specific acts or omissions that are the reasons for their discharge. (A copy of a letter from Mr. Tidwell, the Winkler County Attorney, acknowledging there was not a grievance procedure in WINKLER COUNTY that applied to plaintiffs' termination is attached as Exhibit "G" and incorporated herein).

67.     On June 11, 2009 Defendant SCOTT M. TIDWELL appeared before and persuaded a Winkler County Grand Jury to indict Plaintiffs ANN MITCHELL AND VICKILYN GALLE for the third degree felony offense of Misuse of Official Information for filing a complaint against Dr. Rolando G. Arafiles Jr. with the Texas Medical Board.  Copies of the indictments are attached at Exhibits "H" and "I" and are incorporated herein.

68.     The only witness who testified to the Grand Jury was Defendant ROBERT L. ROBERTS, JR.

69.     At the time of the plaintiffs indictment there was no evidence of an harassment of Dr. Arafiles by the plaintiffs.

70.     At the time of the plaintiffs indictment the only patient information and/or government information sent to the Texas Medical Board was patient file numbers.

71.     At the time that Defendant TIDWELL and Defendant ROBERTS appeared before the Grand Jury they knew the plaintiffs as registered nurses had done what the law allowed - report issues of patient safety to the licensing authority.

72.     Defendant WINKLER COUNTY has established and, in terminating Plaintiffs, have implemented employment policies and practices which are arbitrary, capricious, discriminatory, and have no rational basis.

73.     Defendant WINKLER COUNTY'S policies and practices have subjected Plaintiffs to unequal treatment.  Defendants' employment policies and practices discriminate on the basis of exercising their freedom of speech and doing what the law allows them to do.

74.     Each defendant retaliated and sought to punish Plaintiffs for doing what the law plainly allows them to do.

75.     On June 17, 2009 Mari Robinson executive director of the Texas Medical Board wrote a letter to Defendants MIKE FOSTEL, District Attorney, AND SCOTT TIDWELL, County Attorney, advising them of relevent portions of state and federal law about the confidential nature of complaints filed with her agency, and the chilling effect that any such retaliation would have on the complaint process .  A copy of this letter is attached at Exhibit "J" and incorporated herein.

FIRST AMENDED COMPLAINT  -- Page 14

76.     Defendants MIKE FOSTEL, SCOTT M. TIDWELL, ROBERT L. ROBERTS, JR., ROLANDO G ARAFILES JR., STAN WILEY, AND WINKLER COUNTY all interfered with Plaintiffs' ANN MITCHELL'S  AND VICKILYN GALLE'S employment and did so in retaliation for Plaintiffs doing what the law allowed them to do.

77.     Defendants MIKE FOSTEL, SCOTT M. TIDWELL, ROBERT L. ROBERTS, JR., ROLANDO G. ARAFILES JR., STAN WILEY, WINKLER COUNTY MEMORIAL HOSPITAL AND WINKLER COUNTY all interfered with  and conspired to deter and intimidate Plaintiffs ANN MITCHELL  AND VICKLYN GALLE from filing any civil suit against WINKLER COUNTY and any of their entities or employees.

78.     On July 7, 2009 Defendant MIKE FOSTEL wrote stating that if Plaintiffs ANN MITCHELL AND VICKILYN GALLE wanted the felony cases dismissed they were required to accept their firing, agree not to file any civil action against Defendants WINKLER COUNTY, or any of its entities or employees, and if a case had already been filed, dismiss it with prejudice. A copy of the ethically violative letter from MIKE FOSTEL, District Attorney, is attached as Exhibit "K".

79.     Defendant Fostel as District Attorney actively participated in the criminal case and allowed an unsworn special prosecutor to appear before a grand jury and prosecute the case on Fostel's behalf.

**FIRST CLAIM FOR RELIEF (Civil Action for Deprivation of Rights)**

80.     Plaintiff, ANN MITCHELL AND VICKILYN GALLE, engaged in speech concerning a matter of public concern; they reported to the Texas Medical Board violations of law about concerns of patient safety regarding the care patients were receiving by Defendant ROLAND G ARAFILES JR. and they reported violations of law regarding Medicare fraud

allegedly being committed by their employer by accepting disproportionate share monies from the State of Texas and the Federal Government to ROBERT L ROBERTS JR., Sheriff of Winkler County.  Their interest in doing so outweighs any of Defendants' interest in promoting efficiency.  Still, Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, suffered adverse employment actions—termination and were retaliated against subsequently by being criminally prosecuted.

81.     Plaintiffs, ANN MITCHELL's AND VICKILYN GALLE's speech motivated Defendants' imposition of these adverse employment actions.

82.     Thus, Defendants WINKLER COUNTY, ROLANDO G. ARAFILES JR., STAN WILEY (in his individual capacity and his official capacity as Administrator of the Hospital), ROBERT L. ROBERTS JR.(in his individual capacity and his official capacity as Sheriff of Winkler County), SCOTT M. TIDWELL (in his individual capacity and his official capacity as County Attorney of Winkler County), and MIKE FOSTEL (in his individual capacity and his official capacity as District Attorney)  while acting under color of state law, conspired to deprive and deprived Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, of their right to free speech—as guaranteed by the First Amendment to the United States Constitution—in violation of Section 1983 of Title 42 of the United States Code, and retaliated against Plaintiffs for attempting to exercise and exercising their First Amendment rights to free speech.

83.     Defendants WINKLER COUNTY, ROLANDO G. ARAFILES JR., STAN WILEY (in his individual capacity and his official capacity as Administrator of the Hospital), ROBERT L. ROBERTS JR.(in his individual capacity and his official capacity as Sheriff of Winkler County), SCOTT M. TIDWELL (in his individual capacity and his official capacity as County Attorney of Winkler County), and MIKE FOSTEL (in his individual capacity and his

official capacity as District Attorney) conspired with one another to violate Plaintiffs First Amendment Rights.

84.    WINKLER COUNTY, ROLANDO G. ARAFILES JR., STAN WILEY (in his individual capacity and his official capacity as Administrator of the Hospital), ROBERT L. ROBERTS JR.(in his individual capacity and his official capacity as Sheriff of Winkler County), SCOTT M. TIDWELL (in his individual capacity and his official capacity as County Attorney of Winkler County), and MIKE FOSTEL (in his individual capacity and his official capacity as District Attorney)  aided and abetted one another.

Defendant Tidwell knew that Defendant Roberts', Defendant Wiley, Defendant Winkler County's, and Defendant Arafiles' conduct in instituting charges against, investigating, and terminating Plaintiffs constituted a wrongful act of retaliating against Plaintiffs. Defendant Tidwell with the intent to assist the other Defendants listed in paragraph eighty-four(84) substantially assisted and encouraged the other Defendants by giving them legal advice to perpetuate and commit crimes - civil rights violations and abuse of process. Defendant Tidwell's assistance and encouragement was a substantial factor in causing the First Amendment violation.

Defendant Roberts knew that Defendant Tidwell's, Defendant Wiley's, Defendant Winkler County's, and Defendant Arafiles' conduct in instituting charges against, investigating, and terminating Plaintiffs constituted a wrongful act of retaliating against Plaintiffs. Defendant Roberts with the intent to assist the other Defendants listed in paragraph eighty-four(84) substantially assisted and encouraged the other Defendants by using his office as Sheriff to investigate, intimidate, and arrest the Plaintiffs.   Defendant Roberts' assistance and encouragement was a substantial factor in causing the First Amendment violation.

Defendant Fostell knew that Defendant Roberts', Defendant Tidwell's, Defendant Wiley's, Defendant Winkler County's, and Defendant Arafiles' conduct in arresting, instituting charges against, investigating, and terminating Plaintiffs constituted a wrongful act of retaliating against Plaintiffs. Defendant Fostell with the intent to assist the other Defendants listed in paragraph eighty-four(84) substantially assisted and encouraged the other Defendants by ceding all his authority as District Attorney to Defendant Tidwell, by failing to follow his statutory obligations, by being deliberately indifferent to the other Defendants violating the law, and by acting outside the course and scope of his official capacity using his office and authority to threaten and intimidate Plaintiffs if they filed a civil suit for the violations of their rights. Defendant Fostell's assistance and encouragement was a substantial factor in causing the First Amendment violation.

85.     Plaintiff incorporates by reference and realleges paragraphs 1 through 84. Defendants have terminated Plaintiff's employment in violation of the First Amendment to the United States Constitution and Title 42 USCA §1983.  This claim arises both directly under 42 USCA §1983 and under the United States Constitution.  Plaintiffs' protected speech (their report of violations of law regarding patient safety concerns, and of health care fraud committed by a public hospital) motivated Defendants' imposition of these adverse employment and criminal actions.

86.     In consideration of the law clearly established at the time they occurred, these deprivations and violations were objectively unreasonable.  Therefore, Defendant ROLANDO ARAFILES JR., STAN WILEY, ROBERT L. ROBERTS JR.,  SCOTT TIDWELL AND MIKE FOSTEL may be held liable under Section 1983 in their individual capacity and are not entitled to qualified immunity from liability in this civil action.  Furthermore, Defendant ROLANDO G.

ARAFILES JR., STAN WILEY (in his individual capacity), ROBERT L. ROBERTS JR(in his individual capacity), SCOTT M. TIDWELL,(in his individual capacity) AND MIKE FOSTEL(in his individual capacity), displayed reckless and callous indifference to Plaintiffs, ANN MITCHELL's AND VICKILYN GALLE's federally protected rights.

87.    Defendants WINKLER COUNTY is liable under Section 1983 because it officially adopted and promulgated the decision to inflict the aforementioned adverse employment actions.  Defendant WINKLER COUNTY is also liable under Section 1983 because this decision was made by an official with whom Defendant WINKLER COUNTY had delegated policy-making authority—Defendants STAN WILEY, SCOTT M. TIDWELL, ROBERT ROBERTS, JR., AND MIKE FOSTEL.  Specifically, WINKLER COUNTY had a policy to prohibit any adverse report without first getting the approval of both the Board of Control of WINKLER COUNTY MEMORIAL HOSPITAL and the Medical Staff.  This discouraged employees from publicly reporting matters of public concern regarding patient safety and the patients health and welfare as to how they were being treated that would cast WINKLER COUNTY OR ROLANDO G. ARAFILES, JR. in a negative light.  Defendant ROBERT L. ROBERTS JR., was consulted by ROLANDO ARAFILES regarding ANN MITCHELL AND VICKILYN GALLE report to the Texas Medical Board and ROBERT L. ROBERTS JR., SCOTT M. TIDWELL AND MIKE FOSTEL joined in retaliating and conspired to retaliate against Plaintiffs for the exercise of their speech.   Despite the lack of valid policy and facts to substantiate the reasons for the termination and/or prosecution and despite the obvious pretext of these reasons WINKLER COUNTY upheld the decision made by Defendant STAN WILEY to terminate Plaintiffs ANN MITCHELL AND VICKILYN GALLE.  Therefore, Defendant WINKLER COUNTY is liable under Section 1983 for the violation of Plaintiffs ANN

MITCHELL AND VICKILYN GALLE right to free speech-as guaranteed by the First Amendment to the United States Constitution.

### SECOND CLAIM FOR RELIEF(Due Process - Vindictive Prosecution)

88.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 64.

Defendants, acting under color of authority vested in them by the State of Texas, have terminated Plaintiff's employment without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Title 42 USCA §1983.  Defendants ROBERT L. ROBERTS JR., SCOTT M. TIDWELL, AND MIKE FOSTEL also have sought to punish and retaliate against Plaintiffs ANN MITCHELL AND VICKILYN GALLE for doing what the law clearly allows them to do - make a report to a state agency; this is vindictive prosecution.   This claim is predicated on both procedural and substantive due process.  This claim arises both directly under Title 42 USCA §1983 and under the United States Constitution.

### THIRD CLAIM FOR RELIEF(42 USC §1985)

89.     Plaintiffs incorporate by reference and re-alleges paragraphs 1 through 88.

Defendants ROLANDO ARAFILES, JR., STAN WILEY, SCOTT M. TIDWELL, ROBERT L. ROBERTS, JR, AND MIKE FOSTELL have conspired to deter plaintiffs ANN MITCHELL AND VICKILYN GALLE from filing a Federal lawsuit or testifying in any such suit by intimidation and threats to continue to prosecute them and conspired to interfere with plaintiffs', ANN MITCHELL AND VICKILYN GALLE. employment relationship both to intimidate plaintiffs and retaliate against them for attempting to be witnesses in a federal criminal investigation   in violation of Title 42 USCA §1985. See Exhibit "K".  These actions have damaged Plaintiffs. This claim arises both directly under 42 USCA §1985 and under the United States Constitution.

**FOURTH CLAIM FOR RELIEF(Texas Whistleblower §554.002)**

90.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 89.

91.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE were public employees.

92.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE made a good faith report to the Texas Medical Board, a law enforcement agency, that ROLANDO G.ARAFILES, JR., a public employee, had violated the law.

93.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE made a good faith report to Sheriff Robert L.Roberts Jr., whom they believed in good faith  to be an appropriate law enforcement officer, of health care fraud, a violation of State and Federal law.

94.     Before Plaintiffs ANN MITCHELL AND VICKILYN GALLE were terminated Defendants STAN WILEY, WINKLER COUNTY, ROLANDO ARAFILES, JR, ROBERT L. ROBERTS, JR., AND SCOTT M. TIDWELL all knew or had knowledge that plaintiffs had made a report about Defendant ROLANDO ARAFILES, JR., to the Texas Medical Board.

95.     Defendant TIDWELL had informed both Defendant WILEY and Defendant ARAFILES that the Plaintiffs had made a report to the Texas Medical Board about Dr. Arafiles.

96.     Before plaintiffs ANN MITCHELL AND VICKILYN GALLE were terminated Defendants STAN WILEY, WINKLER COUNTY, ROLANDO ARAFILES, JR, ROBERT ROBERTS, JR., AND SCOTT M. TIDWELL all knew or had knowledge that plaintiffs had made a report to Defendant ROBERT L. ROBERTS, JR., about health care fraud being committed by WINKLER COUNTY AND WINKLER COUNTY MEMORIAL HOSPITAL.

97.     Because of, and in retaliation for reporting these violations of the law plaintiffs, ANN MITCHELL AND VICKILYN GALLE were terminated by their employer, WINKLER COUNTY in violation of the Texas Whistle Blower's Statute.

98.     Plaintiffs requested to initiate the grievance procedure soon after being terminated, however Defendant WINKLER COUNTY didn't have an grievance or appeal procedure that plaintiffs ANN MITCHELL OR VICKILYN GALLE could initiate in order to appeal or grieve their termination to a review board and were forced to file this suit.

99.     Because plaintiffs ANN MITCHELL AND VICKILYN GALLE were terminated within ninety (90) days of making the reports it is presumed that the cause for the termination was retaliatory by WINKLER COUNTY.

### FIFTH CLAIM FOR RELIEF(Texas Occupations Code §301.4025)

100.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 99.

101.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE reported DR. ROLANDO G. ARAFILES JR. to the Texas Medical Board, an appropriate licensing board, for conduct which they reasonably believed had exposed patients to substantial risk of harm because the care provided by DR ROLANDO G. ARAFILES JR., failed to conform to the minimum standards of acceptable and prevailing professional practice.

102.     Plaintiffs ANN MITCHELL AND VICKILYN GALLE were allowed by law to make this report.

103.     Defendants WINKLER COUNTY, STAN WILEY, ROBERT L. ROBERTS JR., SCOTT M. TIDWELL, and ROLAND ARAFILES, knew Plaintiffs reported ROLAND ARAFILES, JR. to the Texas Medical Board.

104.     As a result of making this report DR. ROLANDO ARAFILES JR., individually, retaliated against plaintiffs ANN MITCHELL AND VICKILYN GALLE for filing a report required, authorized, and reasonably believed to be required or authorized by the Texas Occupations Code.

105.    This retaliation was in the form of both interfering with plaintiffs employment, abuse of process, and malicious prosecution.

### SIXTH CLAIM FOR RELIEF(Tortious Interference with Business)

106.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 105.

107.    Plaintiffs ANN MITCHELL AND VICKILYN GALLE were long term employees of WINKLER COUNTY.

108.    Defendant ROLANDO G. ARAFILES JR, knew that Plaintiffs were employed by WINKLER COUNTY.

109.    Defendant ROLANDO G. AFAFILES JR., individually, committed an independently tortious and unlawful act of reporting the Plaintiffs to the Sheriff knowing that such report would affect Plaintiffs employment.

110.    Defendant ROLANDO G. ARAFILES JR., individually, intentionally and without justification interfered with Plaintiffs employment.

111.    Defendant ROLANDO G. ARAFILES' JR., individually, actions were the proximate cause of Plaintiffs damages.

112.    Plaintiffs ANN MITCHELL AND VICKILYN GALLE suffered actual damages and losses as a result of these actions.

### SEVENTH CLAIM FOR RELIEF(Malicious Prosecution)

113.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 112.

114.    In April of 2009 a criminal prosecution for misuse of official information was commenced plaintiffs by MIKE FOSTEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY, SCOTT TIDWELL, INDIVIDUALLY AND IN HIS

OFFICIAL CAPACITY AS COUNTY ATTORNEY, ROBERT ROBERTS, INDIVIDUALLY, AND ROLANDO ARAFILES, INDIVIDUALLY.

115.    On June 11, 2009 indictments were returned against each plaintiff for misuse of official information, a third degree felony.

116.    Defendants MIKE FOSTEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY, SCOTT TIDWELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY, ROBERT ROBERTS, INDIVIDUALLY, AND ROLANDO ARAFILES, INDIVIDUALLY initiated and/or procured and/or conspired to initiate and/or procure Plaintiffs' criminal prosecution.

117.    The plaintiffs were arrested, photographed, booked, and had to post bond.

118.    The prosecutions terminated in the Plaintiffs favor in February 2010; Ms. Galle's case was dismissed and Ms. Mitchell's was acquitted by an Andrews County jury after a four day trial.

119.    The plaintiffs were innocent of the charge.

120.    MIKE FOSTEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY, SCOTT TIDWELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY, ROBERT ROBERTS, INDIVIDUALLY, AND ROLANDO ARAFILES, INDIVIDUALLY did not have probable cause to initiate and/or procure the prosecution; objectively there were no facts that would lead a reasonable person to believe a crime had been committed.

121.    MIKE FOSTEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY, SCOTT TIDWELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY, ROBERT ROBERTS, INDIVIDUALLY, AND

ROLANDO ARAFILES, INDIVIDUALLY all had ulterior motives and grounds for the prosecution, as evidenced by the letter from Mr. Fostel demanding that the county and its employees be released in exchange for the dismissal of the indictments.

122.   MIKE FOSTEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY, SCOTT TIDWELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY, ROBERT ROBERTS, INDIVIDUALLY, AND ROLANDO ARAFILES, INDIVIDUALLY acted with malice, and ill will; some of Defendants motives were to chill Plaintiffs protected speech, protect Dr. Arafiles' medical license, protect a business associate, protect the county from liability, and protect their own private interests ( such as protecting themselves from their already illegal actions).

123.   MIKE FOSTEL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY, SCOTT TIDWELL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY, ROBERT ROBERTS, INDIVIDUALLY, AND ROLANDO ARAFILES, INDIVIDUALLY actions caused Plaintiffs the following damages: harm to reputation, emotional distress, costs of defense, and lost wages, and benefits both in the past and in the future.

124.   Plaintiffs' injuries resulted from defendants' malice which entitles Plaintiffs to exemplary damages from the Defendants individually.

**<u>EIGHTH CLAIM FOR RELIEF(Abuse of Process)</u>**

125.   Plaintiffs were named as defendants in cases styled the State of Texas v. Anne Mitchell and the State of Texas v. Vickilyn Galle cause numbers 5023 and 5024 respectively in the 109th Judicial District Court each charged with felonies.

126.    In these proceedings, Defendant FOSTEL, individually, and as District Attorney AND TIDWELL, individually, and as County Attorney, and on behalf the District Attorney had indictments returned.  Defendants FOSTEL, TIDWELL and ROBERT ROBERTS, individually and as Sheriff of Winkler County had a search warrant issued for confidential and privileged correspondence  and arrest warrants issued for Defendants.  Additionally used his office Sheriff ROBERTS to obtain confidential information from the Texas Medical Board by fraud and deception and used his office obtain confidential and privileged patient medical information.

127.    The search warrant, although properly issued, was issued without probable cause and the indictments, while returned by the Grand Jury, were based upon falsehoods given them by Defendant TIDWELL, individually and as a representative or the District Attorney, and/or as County Attorney, and Defendant ROBERTS, individually, and as Sheriff.

128.    Defendants Defendant FOSTEL, individually, and as District Attorney AND TIDWELL, individually, and as County Attorney, and on behalf the District Attorney, and ROBERT ROBERTS, individually and as Sheriff of Winkler County made an illegal and improper use of the office and authority of the Sheriff making requests and inquires, by abusing the authority of the District Attorney to obtain an illegal search warrant, one without probable cause, and gaining an indictment for the Defendants' legal conduct.

129.    Defendants Defendant FOSTEL, individually, and as District Attorney AND TIDWELL, individually, and as County Attorney, and on behalf the District Attorney, and ROBERT ROBERTS, individually and as Sheriff of Winkler County used of their office, and authority illegally to make misrepresentation to governmental agencies, obtain search warrants, and ultimately to gain indictments against Plaintiffs.  Plaintiff Mitchell was required have a trial based upon this misbehavior - all of which was done based upon the Defendants Defendant

FOSTEL, individually, and as District Attorney AND TIDWELL, individually, and as County Attorney, and on behalf the District Attorney, and ROBERT ROBERTS, individually and as Sheriff of Winkler County ulterior motive or purposes and not a legitimate purpose.

130.   As a result of Defendant FOSTEL, individually, and as District Attorney AND TIDWELL, individually, and as County Attorney, and on behalf the District Attorney, and ROBERT ROBERTS, individually and as Sheriff of Winkler County illegal and improper use of their offices, their authority, an illegally obtained search warrant, and a wrongfully obtained indictment Plaintiffs person was actually interfered with, property was wrongfully seized, and Plaintiff Mitchell was made to stand trial for a bogus charge.

131.   The seizure and interference resulted in the costs of the Plaintiffs criminal defense, loss of job, harm to their reputations, loss of income and benefits, and emotional pain and suffering.

132.   Plaintiffs injuries resulted from defendants malice and actual fraud and this entitles Plaintiffs to exemplary damages against Defendant FOSTEL, individually, AND TIDWELL, individually, and ROBERT ROBERTS, individually.

## JURY DEMAND

133.   In accordance with Federal Rule of Civil Procedure 38, Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, demand a trial by jury of all issues raised in this civil action that are triable of right (or choice) by a jury.

## DEMAND FOR JUDGMENT

134.   In accordance with Federal Rule of Civil Procedure 8(a), Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, makes the following demand that judgment be issued in her favor on all her claims and respectfully requests that this Court:

A.      Issue a declaratory judgment that Defendants WINKLER COUNTY, Defendant STAN WILEY (in his individual capacity and official capacity as Administrator), ROBERT L. ROBERTS JR. (in his individual capacity and official capacity as Sheriff), SCOTT M. TIDWELL (in his individual capacity and official capacity as County Attorney), MIKE FOSTEL (in his individual capacity and official capacity as District Attorney)  unlawfully deprived Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, of their right to free speech—as guaranteed by the First Amendment to the United States Constitution—in violation of Section 1983 of Title 42 of the United States Code (declaratory relief);

B.      Permanently enjoin Defendants WINKLER COUNTY, STAN WILEY (in his individual capacity and official capacity as Administrator), ROBERT L. ROBERTS JR. (in his individual capacity and official capacity as Sheriff), SCOTT M. TIDWELL (in his individual capacity and official capacity as County Attorney), MIKE FOSTEL (in his individual capacity and official capacity as District Attorney) , their agents, and those acting in concert with them: (a) from maintaining an unconstitutional political patronage system in governmental employment policy whereby freedom of political beliefs, association, or affiliation is infringed; (b) requiring Defendants to adopt and implement an equal-opportunity employment policy including, but not limited to, the establishment of nondiscriminatory hiring, promotion, and discharge plans designed to eliminate the effects of their discriminatory employment practices;

**FIRST AMENDED COMPLAINT  -- Page 28**

C.      Issue a monetary judgment in an amount equal to the difference between the wages and benefits Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, actually received and the wages and benefits she would have received but for all the Defendants' illegal acts (back pay);

D.      Order Defendants to reinstate Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, into their former positions with all concomitant wages and benefits and seniority, or in lieu thereof, issue a monetary judgment in an amount sufficient to reimburse Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, for losses she is likely to suffer in the form of future pay and benefits and loss of seniority (reinstatement or front pay);

E.      Issue a monetary judgment in an amount sufficient to compensate Plaintiff, ANN MITCHELL AND VICKILYN GALLE, for all other damages, including but not limited to noneconomic damages for emotional pain and suffering, they have suffered as a result of all the Defendants' violations of law as described herein (compensatory and actual damages);

F.      Issue a monetary judgment in an amount sufficient to punish Defendants ROLANDO G. ARAFILES, (in his individual capacity), ROBERT L. ROBERTS, JR. (in his individual capacity), SCOTT M. TIDWELL (in his individual capacity), and MIKE FOSTEL (in his individual capacity)   for violating Plaintiffs, ANN MITCHELL'S AND VICKILYN GALLE'S constitutional rights to free speech as guaranteed by the First Amendment to the United States Constitution, due process guaranteed by the Fourteenth Amendment, and their rights not to be intimidated or threatened for seeking redress in court and to deter them from engaging in such actions in the future (punitive damages);

G.      To the greatest extent allowed by law, issue a monetary judgment granting

Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, pre-judgment and post-judgment interest on all amounts to which she is entitled;

       H.     Award Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, attorneys' fees and costs;

       I.     To the extent not otherwise requested herein, issue a monetary judgment in favor of Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, for all back pay, front pay (in lieu of reinstatement), actual damages, compensatory damages, punitive damages, exemplary damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs, to which she is entitled; and

       J.     Award Plaintiffs, ANN MITCHELL AND VICKILYN GALLE, such additional relief as this Court deems proper and just and to which she is entitled under any of the causes of action alleged by Plaintiffs in law or equity.

                 Respectfully Submitted,

                 **THE LAW OFFICE OF**
                 **BRIAN CARNEY**
                 1202 West Texas Avenue
                 Midland, Texas 79701
                 (432) 686-8300 (Telephone)
                 (432) 686-1949 (Facsimile)

                 /s/Brian Carney_____
                 Brian Carney
                 Texas State Bar No.  03832275