May 27, 2009

Dear Sheriff Roberts:

We would like this to acknowledge our to report to you of what we believe in good faith to be a violation of law by our employer, the Winkler County Hospital and Winkler County.

We believe you, as Sheriff, and the County's chief law enforcement officer, to be an appropriate law enforcement agency to receive such a report and investigate and take appropriate action of what be believe in good faith to be health care fraud that this is being committed by the Hospital and Winkler County accepting disproportionate share monies from the State of Texas and the Federal Government.

EXHIBIT
F

# BRIAN CARNEY
### ATTORNEY AT LAW

1202 W. TEXAS AVENUE
MIDLAND, TEXAS 79701

TELEPHONE: 432-686 8300
FACSIMILE: 432-686 1949

August 17, 2009

Scott Tidwell
Winkler County Attorney
P.O. Box 1015
Kermit, Texas 79745

Via fax (432) 586-3535 and Certified mail

Re: Galle and Mitchell- Lack of Grievance procedure

Dear Scott,

This letter is to confirm our conversation where we discussed the lack of any applicable grievance procedure for either Nurse Galle's or Nurse Mitchell's termination from the Winkler County Hospital.

If you would be so kind as to initial below and fax this back to me to acknowledge that there is no applicable grievance procedure for their termination I would appreciate it.

If I am incorrect about the content of our conversation please let me know as soon as you can.

Sincerely yours,

Brian Carney

_____
Scott Tidwell
County Attorney
Winkler County, Texas

**EXHIBIT G**

NO. 5023                                   BOND $ 5000.00

THE STATE OF TEXAS VS. ANNE MARIE MITCHELL

DATE OF BIRTH: 07-27-1957

CHARGE:   Misuse of Official Information

DEGREE OF OFFENSE: Third Degree Felony

OFFENSE CODE: 73990369          STATUTE CITATION: 39.06 PC

COURT: 109th Judicial District - Winkler County

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Winkler, State of Texas, duly elected, impaneled, sworn, charged, and organized as such at the March Term, A.D., 2009 of the 109th Judicial District Court for said Court, upon their oaths present in and to said court at said term, that, ANNE MARIE MITCHELL, hereinafter styled Defendant, on or about April 13, 2009, and before the presentment of this indictment, in the County and State aforesaid, did then and there, as a public servant, namely, Compliance Officer for the Winkler County Hospital, and with intent to harm Dr. Rolando Arafiles, use for a non-governmental purpose information to which the defendant had access because of the defendant's employment, and which information had not been made public, and forwarding such information to another,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

FOREMAN OF THE GRAND JURY

FILED
at 10:55 O'Clock AM
JUN 1 1 2009
Sherry Terry Winkler Co Dist Clerk
By _____ Deputy

EXHIBIT H

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS    COUNTY OF WINKLER
I hereby certify that the above is a true and correct copy of the original record on file in my office.
SHERRY TERRY, DISTRICT CLERK WINKLER CO., TX
Attest June 11, 20 09
By _____ Deputy

NO. 5024                                             BOND $ 5000.00

THE STATE OF TEXAS VS. VICKILYN GALLE

DATE OF BIRTH: 10-19-1955

CHARGE:   Misuse of Official Information

DEGREE OF OFFENSE: Third Degree Felony

OFFENSE CODE: 73990369          STATUTE CITATION: 39.06 PC

COURT: 109th Judicial District - Winkler County

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Winkler, State of Texas, duly elected, impaneled, sworn, charged, and organized as such at the **March** Term, A.D., **2009** of the 109th Judicial District Court for said Court, upon their oaths present in and to said court at said term, that, **VICKILYN GALLE**, hereinafter styled Defendant, on or about April 13, 2009, and before the presentment of this indictment, in the County and State aforesaid, did then and there, as a public servant, namely, Quality Control/Utilization Review for the Winkler County Hospital, and with intent to harm Dr. Rolando Arafiles, use for a non-governmental purpose information to which the defendant had access because of the defendant's employment, and which information had not been made public, and forwarding such information to another,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

FOREMAN OF THE GRAND JURY

FILED
at 10:55 O'Clock A.M
JUN 1 1 2009
Sherry Terry Winkler Co Dist Clerk
By _____ Deputy

EXHIBIT
I

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS   COUNTY OF WINKLER
I hereby certify that the above is a true and correct copy of the original record on file in my office.
SHERRY TERRY   DISTRICT CLERK, WINKLER CO., TX
Attest: June 11, 2009
By _____ Deputy

# Texas Medical Board

MAILING ADDRESS: • P.O. Box 2018 • Austin TX 78768-2018
PHONE: (512) 305-7010 • FAX: (512) 305-7008

June 17, 2009

Mr. Mike Fostel,
District Attorney of Winkler County
Mr. Scott Tidwell,
County Attorney of Winkler County
100 East Winkler
Second Floor, Courthouse
Kermit, Texas 79745

Dear Sirs:

As Mr. Tidwell indicated to me by telephone on June 15, 2009, you are aware that the Texas Medical Board ("Board") is statutorily mandated to regulate the practice of medicine. Section 152.001 of the Medical Practice Act ("Act"), Texas Occupations Code, Title 3, Subtitle B. In the exercise of its mandatory statutory duty, the Board has become aware of the Indictments Nos. 5023 and 5024 of two nurses who you allege provided information to the Board in connection with an investigation of one of its licensee physicians. The Board has received a copy of the Affidavit for Search & Arrest Warrant No. M09-005, which in part states the following:

> "It is the belief of Affiant, and he hereby charges and accuses, that: Ann M Mitchell or Vickilyn Galle on or about April of 2009 intentionally, and knowingly sent the anonymous letter to the Texas State Medical Board listing complaints against (*name removed for confidentiality purposes*) with the intent (*sic*) harm or defraud against (*name removed for confidentiality purposes*), and with the intent to harass, annoy, alarm, abuse, torment, or embarrass (*name removed for confidentiality purposes*)."

The Board has many concerns about the above charges. First, the Board has in no way confirmed that any such complaint has been sent to our offices by the two people in question. We received no contact from your offices in this matter. Once we learned of the indictments and prosecution of these potential Board witnesses, we contacted you immediately to get information and express the Board's concerns.

Based on what little information we have, it appears that the actions giving rise to the Affidavit and subsequent prosecution of Ms. Galle and Ms. Mitchell were based upon a belief that those individuals were the complainants against the licensee physician in question. We wish to advise you that information provided by an individual to the Board, either as a complaint against a licensee or in conjunction with an investigation by the Board, is information used by the Board



LOCATION ADDRESS: 333 GUADALUPE TOWER 3 SUITE 610 AUSTIN TX 78701
WEB SITE ADDRESS: www.tmb.state.tx.us

EXHIBIT
J

Mr. Mike Fostel
Mr. Scott Tidwell
June 17, 2009
Page 2 of 4

in its governmental capacity as a state agency. Any such information, if provided, is provided for governmental purposes. Accordingly, the indictment appears to be incorrect in that it asserts that provision of that information was for "a non-governmental purpose." Information provided triggering a complaint or furthering an investigation by the Board is information provided for a governmental purpose—the regulation of the practice of medicine. We should point out that the Nursing Board also has rules and an enabling statute that may require the reporting of physicians who are unable to practice in a manner consistent with public health and welfare.

Under the statutory authority granted to the Board by the Legislature, the Board has a complaint procedure whereby persons may file a complaint against a license holder with the Board. Section 154.051 of the Act. Additionally, any complaint filed with the Board is considered privileged and confidential and is not subject to discovery, subpoena or other means of legal compulsion for release to anyone other than the Board or its employees or agents involved in discipline of a license holder. Section 164.007(c) and (d) of the Act. The indictments and other documents issued in this prosecution have effectively destroyed the legislatively-reated confidentiality that a complainant to the Board would have, assuming any complaints were filed by either person.

It is part of the Board's mandate to regulate the practice of medicine in this state. As such, the Legislature has determined that investigators for the Board may be designated as peace officers to enforce the Act. Section 154.057(c). It is our understanding that, as a result of your actions, the nurses who you allege provided information to the Board have been fired from their jobs at the hospital, have been indicted, been required to hire counsel, and each had to pay $5,000 bond. This action undertaken by your office has adversely impacted the Board's investigation by its peace officers in this case. Further, it has potentially created a significant chilling effect on the cooperation of any other hospital personnel who might have been able to provide additional information needed by the Board in the completion of its investigation.

This is of grave concern to the Board in its implications for this case, as well as other cases. The willingness of persons to come forward and file complaints with the Board is critical to the Board's success in regulating the practice of medicine as required by Texas law. Causing persons to fear criminal felony prosecution if they do so undermines the Board's ability to do its job. Such action is clearly against the intent of the Act and the Legislature.

As part of its investigation of the complaint involving the licensee physician in question, a relevant inquiry will be whether that physician engaged in any activity that was designed to intimidate witnesses or complainants. Such activity is a violation of the Act and constitutes unprofessional or dishonorable conduct. If your office is aware of any such evidence, we ask that you make that known to us immediately.

Mr. Mike Fostel
Mr. Scott Tidwell
June 17, 2009
Page 3 of 4

The Board would welcome your sharing of any other information regarding the licensee physician in question; as such evidence may be relevant to the Board's investigation. You may view all public Board Orders pertaining to this licensee physician on the Board's website, http://www.tmb.state.tx.us/. If you would like further information that is confidential on the disciplinary history of this licensee physician, please let us know. We are authorized by statute to assist law enforcement in any criminal complaint under investigation.

As an aside, under federal law, the Texas Medical Board is exempt from the Health Insurance Portability and Accountability Act (HIPPA) requirements; therefore, the provision of medical documentation with patient names on them to the Board is not a violation of HIPPA. The Board also has statutory access to the peer review documents held by a hospital, so releasing any such information would also not be a violation of any laws.

Due to the above listed concerns, I contacted both of you regarding this case to seek reassurance that the prosecution of these two individuals was for reasons other than the alleged provision of information to the Board. Neither of you felt as though you could give me any information concerning this matter. Mr. Fostel related that he would not provide the information to me directly; rather, he would be giving a copy of the entire file on the matter to the defense counsel for the two nurses in question on June 16, 2009, and I could obtain any information that way.

I waited until the end of the day of June 16, 2009, to see this information before sending this letter. Obviously, if there is more to these charges than simply providing information to the Board, the Board does not want to interfere in this matter. However, as of now, no such information has been forthcoming. If the prosecution of potential Board witnesses is due to reasons or information other than these two people allegedly filing a complaint, the Board does not wish to hamper the work of your office in any way. Our typical practice with law enforcement agencies is based on cooperation. In that spirit, I would again ask that you provide information to me that these potential Board witnesses are not being prosecuted solely due to your offices' belief that they filed a complaint or provided other information to the Board.

In summary, the Board's investigation of the licensee physician in question has been significantly compromised by the actions taken by your offices. We are extremely concerned that this indictment solely relates to the allegation that the nurses in question provided information to the Board. If this is the case, the specific protections provided to these individuals as outlined within our Act are being violated. We ask for any reassurance that you can give is that this is not the case and allow the Board to fulfill its obligations under the Act.

Mr. Mike Fostel
Mr. Scott Tidwell
June 17, 2009
Page 4 of 4

Thank you for your attention to this matter, and I look forward to hearing from you at your earliest opportunity.

Sincerely,

Mari Robinson
Executive Director

cc: Senator Carlos Uresti
    Representative Tryon Lewis
    Tony Gilman, Office of the Governor
    Kathy Thomas, Executive Director, Texas Board of Nursing
    Texas State Department of Health Services
    David Morales, Office of the Attorney General
    John Langley, Office of the Attorney General
    Brian Carney



# MICHAEL L. FOSTEL
### DISTRICT ATTORNEY
### 109TH JUDICIAL DISTRICT

CRANE COUNTY
WINKLER COUNTY

P. O. BOX 1040
KERMIT, TEXAS 79745
AREA CODE 432 - 586 - 6608

July 7, 2009

RE: Anne Mitchell and Vickilyn Galle

Nurses accept their firing.

Nurses agree to not file any type of civil action against Winkler County Memorial Hospital, Winkler County, Texas, any of its entities or employees.

If suit has already been filed to dismiss same immediately with prejudice.

All charges will be dismissed against nurses with prejudice.

*[signature]*

EXHIBIT
K