**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **ANNE MITCHELL, and** | § | |
| **VICKILYN   GALLE** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. P-09- CV-037** |
| **vs.** | § | |
| | § | |
| **WINKLER COUNTY AND** | § | |
| **THE WINKER COUNTY MEMORIAL** | § | |
| **HOSPITAL, STAN WILEY,** | § | |
| **INDIVIDUALLY, AND IN HIS** | § | |
| **OFFICIAL CAPACITY AS** | § | |
| **ADMINISTRATOR OF THE WINKLER** | § | |
| **COUNTY MEMORIAL HOSPITAL ,** | § | |
| **ROBERT L. ROBERTS JR.,** | § | |
| **INDIVIDUALLY, AS AS SHERIFF,** | § | |
| **OF WINKLER COUNTY, TEXAS,** | § | |
| **ROLANDO G. ARAFILES JR,** | § | |
| **INDIVIDUALLY,** | § | |
| **SCOTT M. TIDWELL, INDIVIDUALLY,** | § | |
| **AND IN HIS OFFICIAL CAPACITY AS** | § | |
| **COUNTY ATTORNEY, AND** | § | |
| **MIKE FOSTEL, INDIVIDUALLY, AND** | § | |
| **IN HIS OFFICIAL CAPACITY AS** | § | |
| **DISTRICT ATTORNEY** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO ROLANDO G. ARAFILES, JR'S**
**MOTION TO DISMISS**

Comes now Plaintiffs Anne Mitchell and Vickilyn Galle, and files this, their Response in

Opposition to Rolando G. Arafiles, Jr's Motion to Dismiss For Failure to State a Claim on

Which Relief May be Granted and would show the Court as follows:

## INTRODUCTION

1.     Defendant Arafiles filed his 12(b)(6) Motion to Dismiss to the Plaintiffs' First Amended Complaint complaining of various deficiencies in Plaintiffs' pleadings.

2.     As the Court is well aware the Rule 12(b)(6) motions to dismiss " are viewed with disfavor and are rarely granted".*Lormand v. US Unwired, Inc.,* 565 F.3d 228, 232 (5[th]Cir.2009) *citing Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir. 2005).

3.     Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing the pleader is entitled to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 9292 (2007) citing Fed. R. Civ. P. 8(a)(2).

4.     The Court must assume as true, all factual allegations and determine if those factual allegations state a plausible claim for relief.  *Borneo Energy Senderian Berhad v. Sustainable Power Corp.,* 2009 WL 2498596 (2009) *citing Ashcroft v. Iqbal,* _____ U. S._____, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

5.     "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief about the speculative level." *Cuviller v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) *quoting Twombly* 550 U.S. at 555.

6.     All reasonable inferences are drawn in the Plaintiffs' favor.  See *Lormand at 232 citing Scheuer v. Rhodes,* 416 U.S. 232, 236 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

7.     Contemporaneously, with this response Plaintiffs are filing their Unopposed Motion for Leave to file their Second Amended Complaint.

## PLAINTIFFS' FIRST AMENDMENT CLAIM (1983)

8.      Defendant Arafiles contends that plaintiffs fail to state a § 1983 claim for a First Amendment violation because Arafiles is a private citizen, and because he is not a state actor.

9.      Defendant Arafiles contends that a private citizen, not acting under color of state law, may not be sued for violations of § 1983.  He is in error.

10.     Defendant Arafiles cites the Court to *Adikes v. H.S.H. Cress & Co.,* 398 U.S. 144 (1970), however, they fail to recite that *Adikes* holds that a private citizen may be held liable under § 1983 if he is a "willful participant in joint activity with the State or its agents".

11.     The Fifth Circuit has held that a  private citizen may be held liable under Section 1983,  if the plaintiff alleges that the citizen conspired with or acted in concert with state actors. *Mylett v. Jeane,* 879 F.2d 1272, 1275 (5th Cir.1989).  In addition the Fifth Circuit has held that a non-state actor may be liable under 1983 if the private citizen was a "willful participant in joint activity with the State or its agents."*Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir.1994).

12.     Plaintiffs have alleged a conspiracy to deprive them of their First Amendment Rights in paragraphs 82 through  and 94 of their Second Amended Petition.

13.     Plaintiffs have also alleged that Defendant Arafiles is, and was at the time of his actions that are the subject of this suit the public health officer for Winkler County.  Defendant Arafiles was in fact the Winkler County Health Officer, he was appointed by the County Commissioners and is paid monthly by Winkler County for his services in this position.  This fact alone would make Defendant Arafiles a state actor and subject to § 1983 liability for his individual actions and those actions taken in concert with the other Defendants if done to retaliate against plaintiffs for exercising their First Amendment right to free speech .

14.     As Plaintiffs have properly alleged facts that state a plausible claim for relief for violations of § 1983 by Defendant Arafiles, the Court should deny Defendant Arafiles' request to dismiss this cause of action and allow Plaintiffs to proceed forward with these claims.

## PLAINTIFFS' VINDICTIVE PROSECUTION CLAIM

15.     Defendant Arafiles asserts that Plaintiffs' First Amended complaint does not allege that Defendant Arafiles acted under the authority vested him by the State of Texas or occupied any official capacity.

16.     As noted above, Defendant Arafiles was the Winkler County Health Officer, at the time Plaintiffs reported his actions the Texas Medical Board - as such he was clearly a state actor.

17.     Defendant Arafiles had prior dealings with the Texas Medical Board.  He had previously been before the Board and knew any complaint filed with the Texas Medical Board was confidential and privileged.

18.     Defendant Arafiles used his personal and business relationship with Defendant Robert Roberts, Jr., the Sheriff of Winkler County, and with Scott M. Tidwell, the Winkler County Attorney, who was also Defendant Arafiles' personal attorney, and was acting as a special prosecutor of Plaintiffs, to conspire to aid in the prosecution of Plaintiffs for performing a legal act.  Conspiring to prosecute and aiding in the prosecution of Plaintiffs for doing what the law plainly allows constitutes vindictive prosecution.  *See Bordenkircher v. Hayes*, 98 S.Ct. 663, 434 U.S. 357, 54 L.Ed.2d 604 (1977).  Plaintiffs' actions in exercising their protected legal right of complaining to the Texas Medical Board about Defendant Arafiles cannot be the basis of a criminal prosecution. *Ex Parte Veronica Rachell Quintana*, _____ SW3d _____ (Tex. App.- El Paso 2009, pet. refused)

19.     As Plaintiffs have properly alleged facts that state a plausible claim for relief for vindictive prosecution by Defendant Arafiles, this Court should deny Defendant Arafiles' request to dismiss this cause of action and allow Plaintiffs to proceed forward with these claims.

### PLAINTIFFS' CONSPIRACY CLAIMS(§1985)

20.     Defendant Arafiles concludes that there was no conspiracy to deter and intimidate Plaintiffs from filing a civil lawsuit.

21.     Defendant Arafiles conspired with the other named Defendants in this suit to deter Plaintiffs from prosecuting their civil case by force, intimidation, and/or threat; Plaintiffs have made this allegation with supporting facts in the complaint.

22.     Defendant Arafiles, along with his private attorney/County Attorney of Winkler County/special prosecutor, Defendant Scott M. Tidwell, and his patient/business partner, Defendant Robert L. Roberts, and the Plaintiffs' boss, Defendant Stan Wiley, along with the consent and assistance of the District Attorney of Winkler County, Defendant Mike Fostel, sought to deter Plaintiffs by force, intimidation, and/or threat from filing of a federal civil lawsuit against each of them, as well as Winkler County and Winkler County Memorial Hospital.

23.     This threat was evidenced by the letter written by Defendant Mike Fostel telling Plaintiffs that if they did not file suit against Winkler County Memorial Hospital, Defendant Winkler County, or any of its entities or employees the criminal charges against Plaintiffs would be dismissed. This letter is attached to Plaintiff's Second Amended Petition as Exhibit K.

24.     The clear impart of this letter from Defendant Fostel's letter, which reflects his intent to protect Defendant Winkler County, the Hospital and their respective employees, is that if Plaintiffs proceed with any type of civil action against Winkler County, or any of its employees that criminal charges will continue.

25.     Arafiles cooperated in and conspired to prosecute the merit less charges against plaintiffs.

26.     Arafiles was the complaining party knowing that plaintiffs had committed no crime; his personal attorney was the prosecutor, and his patient and business partner was the criminal investigator.

27.     In order to prevail on a section 1985( 2) claim, a plaintiff must establish: (1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation, or threat from attending federal court or testifying freely in a matter there pending, which (3) causes injury to the claimant.     *Mitchell v. Johnson,* 2008 WL 3244283, *2 (5th Cir. August 8, 2008) (unpublished opinion) (citing *Rutledge v. Ariz. Bd. of Regents,* 859 F.2d 732, 735 (9th Cir.1988)).

28.     Section 1985(2) provides a remedy "where individuals conspire to exert untoward external pressure on parties or witnesses because of their participation in judicial proceedings." The *Mitchell* court also noted that "[t]he conspiracy must seek to deprive the plaintiff of his right in court by physical or economic means." Finally, the *Mitchell* court reiterated that section 1985( 2) requires a "nexus between the alleged conspiracy and a proceeding in federal court." *Montoya v. FedEx Ground Package System, Inc.*, 2009 WL 564308 (S.D.Tex.).

29.     While the Fifth Circuit has not made it clear that physical presence in Federal Court is necessary to avail oneself of section 1985(2), clearly the District Attorney's letter threatening to continue with its bogus prosecution if a civil case is filed can be the nexus to show this conspiracy.

30.     As Plaintiffs have properly alleged facts that state a plausible claim for relief for violations for § 1985 by the Defendant Arafiles, this Court should deny Defendant Arafiles request to dismiss this cause of action and allow Plaintiffs to proceed forward with these claims.

## PLAINTIFFS' TEXAS WHISTLEBLOWER CLAIMS (§ 554.002)

31.     As Plaintiffs have not alleged a cause of action against Defendant Arafiles under the applicable Texas Whistleblower statutes, his Rule 12(b)(6) Motion is inapplicable to this cause of action as currently plead by Plaintiffs.

## PLAINTIFFS' TEXAS OCCUPATIONAL CODE CLAIMS (§ 301.4025)

32.     Defendant Arafiles asserts Plaintiffs fail to state a claim for relief under § 301.4025 of the TEXAS OCCUPATIONS CODE because Plaintiffs made no allegation as to how he "disciplined or discriminated or retaliated" against them sufficient to sustain a cause of action under § 301.4025.  Defendant Arafiles is mistaken.

33.     Before contacting Defendant Robert L. Roberts, Sheriff of Winkler County, Defendant Arafiles  was aware that the identities of those persons filing complaints with the Texas Medical Board were absolutely privileged and confidential.  However, Defendant Arafiles still used his professional and business relationship with Defendant Robert L. Roberts to influence Defendant Robert Roberts to conduct an investigation into the confidential complaint and the identities of the authors of same.

34.     Upon being apprized of the identities of the persons filing the confidential compliant about him with the Texas Medical Board, i.e. Plaintiffs' identities, Defendant Arafiles requested Defendant Robert Roberts to contact Defendant Scott Tidwell, his personal attorney and the County of Attorney of Winkler County to begin criminal prosecutions of Plaintiffs, simply for filing a report that they were legally and ethically required to file under the TEXAS OCCUPATIONS CODE.

35.     Knowing that any criminal prosecutions and subsequent convictions would affect Plaintiffs' nursing licenses and their employment with Defendant Winkler County, Defendant

Arafiles assisted and was instrumental in pursuing Plaintiffs' criminal prosecutions through his testimony on behalf of the State at Plaintiff Anne Mitchell's criminal trial.

36.     Knowing full well that Plaintiffs had broken no laws in filing the confidential complaint about him with the Texas Medical Board, Defendant Arafiles deliberately and with ill will retaliated against Plaintiffs by interfering with their employment contracts with Defendant Winkler County and with procuring and assisting with the malicious criminal prosecutions of Plaintiffs.

37.     As Plaintiffs have properly alleged facts that state a plausible claim for relief for violations of § 301.4025. by Defendant Arafiles, this Court should deny Defendant Arafiles' request to dismiss this cause of action and allow Plaintiffs to proceed forward with these claims.

## PLAINTIFFS' TORTIOUS INTERFERENCE WITH EMPLOYMENT CONTRACT CLAIMS

38.     Defendant Arafiles asserts Plaintiffs failed to state of claim of relief against him for tortious interference with their employment contracts with Defendant Winkler County. Defendant Arafiles is mistaken.

39.     Defendant Arafiles, as a licensed physician in the State of Texas, was well aware that any criminal prosecutions and subsequent convictions of Plaintiffs would affect their respective nursing licenses, and therefore, their employment with Defendant Winkler County.  Even more importantly,  Defendant Arafiles knew prior to contacting Defendant Robert Roberts that the author(s) of the confidential complaint had committed no crime by filing such report about him with the Texas Medical Board.  Yet, Defendant Arafiles deliberately and intentionally contacted his business partner, Defendant Robert Roberts, and asked him to conduct an investigation to discover the identities of the person(s) who had filed the complaint against. him**.**

40.     Once he was informed that Plaintiffs had been the persons who made the report about him, he requested and insisted that Defendant Robert Roberts contact Defendant Scott Tidwell to begin the criminal prosecutions, knowing all the while that Plaintiffs had done nothing wrong and that such criminal prosecution and any subsequent convictions would cost Plaintiffs not only their jobs with Winkler County, but more than likely their nursing licenses.  He then attempted to make sure Plaintiffs were convicted, and therefore, would lose their nursing licenses and employment, by testifying at the criminal trial of Plaintiff Anne Mitchell.

41.     As Plaintiffs have properly alleged facts that state a plausible claim for relief for tortious interference with their employment contracts with Defendant Winkler County by Defendant Arafiles, this Court should deny Defendant Arafiles' request to dismiss this cause of action and allow Plaintiffs to proceed forward with these claims.

## PLAINTIFFS' MALICIOUS PROSECUTION CLAIMS

42.     Defendant Arafiles asserts Plaintiffs fail to state a claim for relief for malicious prosecution because they failed to allege facts establishing one of the necessary elements of this cause of action.  Specifically, Defendant Arafiles asserts Plaintiffs failed to allege any facts that he initiated or procured Plaintiffs' criminal prosecutions.  Defendant Arafiles is incorrect.

43.     To prove an action for malicious criminal prosecution, a plaintiff must establish that the defendant caused the prosecution by either initiating or procuring it.  *Browning-Farris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 293 (Tex. 1994).  A defendant "procures" a criminal prosecution if his actions were enough to cause the prosecution and if the prosecution would not have occurred but for his actions.  *Id*. at 292.  A defendant may be liable for malicious criminal prosecution if he either (1) provides false information to law enforcement officials that result in the prosecution or (2) procured the prosecution by some other conduct.  *Id*. at 294.  Thus, a

defendant is responsible for the prosecution if the defendant's conduct was the determining factor in the prosecutor's decision to prosecute. *Id*.

44.    Knowing the identities of the authors of the complaint filed with the Texas Medical Board were absolutely confidential and privileged, Defendant Arafiles deliberately and in bad faith contacted the Winkler County Sheriff's Department and insisted Defendant Robert Roberts investigate the complaint and discover the identities of the person(s) who had made the report against him.    Defendant Robert Roberts testified under oath that he only initiated his investigation at the urging and at the demand of Defendant Arafiles.  Further, Defendant Robert Roberts only contacted Defendant Scott Tidwell at the request and at the insistence of Defendant Arafiles. Finally, Defendant Scott Tidwell and Defendant Mike Fostel only proceeded forward with the criminal prosecutions of Plaintiffs based on Defendant Robert Roberts testimony.

45.    As Plaintiffs have properly alleged facts to establish that Defendant Arafiles conduct was the determining factors in the Plaintiffs' criminal prosecutions, Plaintiffs have stated a plausible claim for relief for malicious prosecution by Defendant Arafiles, and this Court should deny Defendant Arafiles' request to dismiss this cause of action and allow Plaintiffs to proceed forward with these claims.

## PLAINTIFFS' ABUSE OF PROCESS CLAIMS

46.    As Plaintiffs have not alleged a cause of action against Defendant Arafiles for abuse of process, his Rule 12(b)(6) Motion is inapplicable to this cause of action as currently plead by Plaintiffs.

WHEREFORE Plaintiff Ann Mitchell and Plaintiff Vicklyn Galle requests that the Court deny Defendant Rolando G. Arafiles, Jr.,'s 12(b)(6) Motion to Dismiss in its entirety. Additionally, Plaintiffs request leave from this Court to file their Second Amended Petition to

address issues raised by Defendant Arafiles in his 12(b)(6) Motion to Dismiss and to cure any defects in their First Amended Complaint on file herein.

Respectfully submitted

/s/ Brian Carney
Brian Carney
1202 W. Texas Avenue
Midland, Texas 79701
(432) 686 8300
(432) 686-1949 fax
COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I, as counsel for Plaintiffs, conferred with Counsel for Rolando Arafiles, James Essman, who  was advised of this response to his motion to dismiss and he does oppose this response.

/s/ Brian Carney

## CERTIFICATE OF SERVICE

This is certify that on May 4, 2010, a true and correct copy of the above and foregoing document was served on the counsel for all defendants in the above entitled cause by electronic means via the ECF of the Western District of Texas.

/s/ Brian Carney